Grace A. LANE, Plaintiff-Respondent,

v.

Gordon D. LANE, Defendant-Appellant.

No. 24991.

Kansas City Court of Appeals.

Missouri.

Feb. 3, 1969.

Rehearing Denied April 7, 1969.

Arthur H. Stoup, Solbert M. Wasserstrom, Kansas City, for appellant.

J. D. James, Dwight L. Larison, Kansas City, for respondent.

SPERRY, Commissioner.

This is an appeal from an order modifying a divorce decree.

The parties were, formerly, husband and wife. Plaintiff was found to be the innocent and injured party and was granted a decree of divorce on December 17, 1962. She was given custody of their four children, Glenn then 14, Gwendolyn 8, Gayle 7, and Gary 5, subject to visitation rights of defendant. Defendant was ordered to pay the sum of $75.00 per month for support of the children, a total of $300.00 per month; the sum of $500.00 per month to plaintiff for alimony; and the sum of $6,500.00 to plaintiff as attorney fees. The court also found, under count two of the petition, it being for an accounting, that the net value of all property owned by the parties was $161,398.29, and ordered that transfers be made so that each should own property of equal value, each to own one-half of the total.

The judgment, in all respects, has been complied with by the parties until the time of this trial, November 15, 1967. However, since the 1962 decree was entered, Glenn has become emancipated. The court adjudged that plaintiff should receive, as alimony, the sum of $750.00 per month; that defendant should pay the sum of $200.00 per month for support of each of the three children; and judgment was rendered against defendant for attorney fees and expenses of litigation in the sum of $2,946.25. She was permitted to remove the children to her new permanent home in Houston, Texas.

We are required to review the whole record in this case as in cases of an equitable nature. The only evidence offered came from plaintiff; it is our duty to review the evidence and *arrive at our own decision.* Schulte v. Schulte, Mo.Sup., 140 S.W.2d 51, 54. The appellate review is a trial de novo. Rutstein v. Rutstein, Mo. App., 324 S.W.2d 760, 762. There was a determination, at the divorce trial in 1962, of the issue of monthly alimony payments. The amount determined to be just was $500.00 monthly. It has been held that it is a firmly established principle that a judgment for alimony, like any judgment in any action at law, is res judicata as to all facts and conditions bearing upon the award *and existing at the date of its rendition.* Authority for modification of a judgment for alimony is dependent upon proof of a *subsequent change* in conditions. The burden of showing such change rests upon movant, plaintiff, in this case. Shilkett v. Shilkett, Mo.App., 285 S.W.2d 67, 68.

We will first discuss the evidence adduced by plaintiff to show a changed condition in regard to her claim for increased alimony.

During the calendar year of 1962, defendant had a net income of $30,000.00, plus. In the division of the property plaintiff received one-half of the capital stock in Lane Blueprint Service Company owned by both parties, her share being valued at $60,000.00. She also received one-half of their shares in Lane Blueprint Sales Company, valued at $7,685.00, the family home, forty shares of capital stock in City National Bank & Trust Co., and some cash. At the time the present hearing was held the Lane Blueprint stock was producing an annual income of about $5,200.00. She had not received any dividends on Lane Blueprint Sales stock. She had been a part time employee as a checker at chain grocery stores, at an annual salary of some $2,900.00 per year, after taxes. She said such employment became necessary in order to meet increased cost of living expenses. At the time of the trial she had acquired two apartment houses in Houston which, she believed, would produce from $2,400.00 to $3,000.00 per year net income,

so she could be with her children full time and not be required to work outside. She will occupy two of the apartment units as a home for herself and three children.

This is a voluminous transcript. It contains some evidence relative to legal controversies between the parties in regard to the management by defendant of the Lane Blueprint Service Company, and Lane Blueprint Sales Company, but such evidence is not material to the issues pertinent to this lawsuit. There was also evidence relative to defendant's interest in Lane Blueprint employee's trust fund, of which defendant was a beneficiary. But we are not greatly concerned with that matter, since defendant actually has no tangible present income from the trust, nor any interest therein which would amount to a financial asset of present value.

The evidence showed that the Lane Blueprint Service stock had greatly increased in value. Plaintiff's stock, which was valued at $60,000.00 in December, 1962, is worth at least $100,000.00. Defendant had offered plaintiff that amount for it. She refused to sell and we infer that she considers the value to be in excess of that sum. She owned other property of considerable value, including an equity of $18,000.00 in apartment houses in Houston. Defendant's income had increased phenomenally; 1962, $30,000.00; 1963, $52,800.00; 1964, $72,800.00; 1965, $76,048.00; 1966, $83,000.00.

In Harriman v. Harriman, Mo.App., 281 S.W.2d 566–570, the court said:

"An award of alimony to the divorced wife is based on the principle that it is the statutory duty of the husband, in so far as he is able, to contribute such amount as will, supplemented by the wife's earnings and other income, enable her to live according to the station in life which she enjoyed when the decree of divorce was granted. Such being its foundation, our statute, Section 452.070 RSMo 1949, V.A.M.S., wisely recognizes that a change in circumstances may require a change in the decree; and the measure of the sum required is necessarily the needs of the wife and the ability of the husband to pay, the amount allowed will logically be affected by a change in either element.

"This does not mean that an increase in the husband's wealth and earning capacity alone justifies an increase in alimony. The husband in such cases should not be compelled to guarantee the wife a standard of living based upon his present means. The wife in such instances voluntarily assumed the status of an unmarried person. She contributed nothing to the husband's acquisition of wealth since the entry of the divorce decree, and therefore cannot logically claim that, because she was his wife for several years before good fortune came to him, she now has a right to participate therein. The increase in wealth and earning power on the part of the husband can only be considered in connection with his ability to meet the increased cost of maintaining the wife in that station in life enjoyed by her at the time of the divorce. * * *".

In determining whether or not there has been a change of condition that would justify an increase in alimony payments it is not sufficient, alone, that the husband's income or net worth has greatly increased since the alimony judgment was rendered. That is only to be considered with reference to his ability to pay more if it is determined that there has been such a change in condition so as to justify an increase in alimony payments to the wife. The fact that defendant, in this case, has trebled his income since 1962, only becomes material here if it is determined that the plaintiff is entitled to receive a larger sum in order to maintain her in about the same standard of living to which she was accustomed in 1962, and prior thereto.

It is not shown that the plaintiff has suffered reverses either physically or

financially. She has, in fact, prospered financially. However, the cost of living has gone up, and is continuing upward. There was evidence to the effect that, in 1967, it had increased some 13.6% since 1962. We know that it is now higher and that there is reasonable certainty it will further increase. We think that a fair increase in alimony payments, for plaintiff, based on that changed condition would be $100.00 per month. There is no doubt as to defendant's ability to pay it.

As to the children, there are now three with plaintiff. The eldest is fourteen and will, in all probability, enter high school. She has received dental services at a cost of $1,200.00. The younger ones, twelve and eleven, will each need dental services costing about the same as they did for the eldest. They are all six years older than they were when the court adjudged support money at the sum of $75.00 per month each. We know that it will cost more to clothe, feed, house, educate, provide entertainment and transportation for them than it did six years ago. We think a fair amount for defendant to pay for monthly support of each child would be $150.00. We are considering the reasonable needs of the children on the basis of present inflationary conditions, and the ability of the defendant to supply same.

The court allowed plaintiff the sum of $2,946.25 for attorney fees and other necessary expenses of this litigation. The allowances made are within and supported by the evidence touching that subject, and are approved.

The judgment is reversed and the cause is remanded with directions that a new judgment be entered ordering defendant to pay plaintiff, as alimony, the sum of $600.00 per month beginning on the date the judgment herein was entered; that defendant pay to plaintiff for maintenance and support of each child in her custody the sum of $150.00 monthly, beginning as of the date the judgment herein was entered; and that defendant pay to plaintiff

the total sum of $2,946.25 for her attorney fees, and all other costs of this litigation, including those accruing in this court.

MAUGHMER, C., concurs.

PER CURIAM:

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court.

HOWARD, P. J., CROSS, J., and MORGAN, Special Judge, concur.

SHANGLER, J., not participating because not a member of the Court when the cause was submitted.