**Patricia McGINLEY, Respondent,**

**v.**

**Frank J. McGINLEY, Appellant.**

**No. KCD 26448.**

Missouri Court of Appeals, Kansas City District.

Aug. 5, 1974.

Rehearing Denied Sept. 3, 1974.

1. 7 Appleman, Insurance Law and Practice, § 4454, p. 492.

472

Russell S. Jones, Kansas City, for appellant.

James & McCanse by Thad C. McCanse, William J. Lasley, Kansas City, for respondent.

Before PRITCHARD, P. J., and SWOFFORD and SOMERVILLE, JJ.

PER CURIAM.

This is an appeal from an order modifying a divorce decree. The parties were divorced on April 15, 1970. Plaintiff, Patricia McGinley, was awarded custody of the couple's seven minor children, $350.00 per month in alimony, $15.00 a week per child for child support, and attorney's fees. The defendant, Frank J. McGinley, was ordered to deposit $30,000.00 as security for payment of his alimony and child support obligations.

Plaintiff sought modification of the award because of changed circumstances; primarily, the increased needs of herself and her children, and inflation. The trial court awarded plaintiff an additional $50.-00 a month alimony; increased the child support payments by $5.00 per week per child (there were five minor children at home); awarded plaintiff $950.00 attorney's fees and court costs; and ordered defendant to deposit an additional $32,000.-00 as security for payment of alimony and child support. Defendant appeals claiming error in the following particulars, first, plaintiff did not sustain the burden of showing changed circumstances, and second, the lower court abused its discretion in awarding attorney's fees and court costs to plaintiff.

This being a court tried case review is upon both the law and evidence as in suits of an equitable nature and the judgment will not be set aside unless clearly erroneous, due regard being given to the opportunity of the trial court to judge the credibility of the witnesses. Rule 73.01(d), V.A.M.R.

A thorough review of the record reveals defendant's points are without merit.

A judgment for alimony and child support can be modified upon proof of a change of conditions subsequent to the entry of judgment. The burden of proof rests with the moving party. Shilkett v. Shilkett, 285 S.W.2d 67, 68 (Mo.App.1955). Here, plaintiff adduced ample evidence of changed conditions. Most important was the fact that her children were growing older and had more needs, which situation was exacerbated by a 9.1% increase in the cost of living in the Kansas City area between the time of the original divorce and the trial on the motion to modify. This was a sufficient change of conditions to warrant a modification of the alimony and child support awards. Lane v. Lane, 439 S.W.2d 550 (Mo.App.1969).

Plaintiff also introduced evidence of a substantial increase in her former husband's wealth. While this was not, by itself, a sufficient reason to modify the alimony and child support awards, once a determination was made that there were changed circumstances which justified modification of the alimony and child support awards, the husband's increased wealth was relevant to his ability to pay, and was properly so considered by the court below. Lane v. Lane, supra.

An award of attorney's fees and court costs is discretionary with the trial court with a view to the circumstances of both parties. The basic test is whether the plaintiff had sufficient means to prosecute the suit on her own. Toth v. Toth, 483 S. W.2d 417 (Mo.App.1972). There was evidence that plaintiff and her children have

had to utilize for living expenses all of the approximately $20,000.00 drawn from the rapidly depleting trust fund established by court order at the time of the original divorce decree. It was also shown that all of plaintiff's limited income was spent solely on maintaining herself and her family, and that she was forced to discontinue hospitalization insurance coverages due to lack of funds. Any periodic savings effected by plaintiff since the original judgment were required to be used by her for the payment of taxes. On the other hand, defendant has inherited over $140,000.00 since the original divorce decree. On these facts there was no abuse of discretion by the trial court in awarding costs and attorney's fees to plaintiff.

The judgment is affirmed.