**William P. COLE, Plaintiff-Appellant,**

v.

**Izetta COLE, Defendant-Respondent.**

**No. 36172.**

Missouri Court of Appeals,
St. Louis District,
Division Four.

Dec. 23, 1975.

Shaw & Howlett, William H. Jennings, II, Clayton, for plaintiff-appellant.

Davis & Davis, Abraham Davis, Clayton, for defendant-respondent.

NORWIN D. HOUSER, Special Judge.

Appeal by William P. Cole from an order dated February 8, 1974, modifying an order made February 24, 1966 by increasing an alimony award to Izetta Cole from $40 to $55 per week.

The first question is the admissibility in evidence of Defendant's Exhibit 2—a letter from the Assistant Regional Director of the Bureau of Labor Statistics of the United States Department of Labor, addressed to counsel for Izetta Cole, stating that the Consumer Price Index increased from 96.0 in February, 1966, to 132.4 in June, 1973, or 37.9%. Appellant claims that no proper foundation was laid for the letter and that it is unsupported hearsay. The writer of the letter lifted two items from a 3-page statistical compilation of consumer prices from 1913 through 1973, called the Consumer Price Index, and made a mathematical computation of the percentage change between February, 1966 and June, 1973. No objection was made, at trial or on appeal, to admission in evidence of the Con-

sumer Price Index, a product of the Bureau of Labor Statistics of the United States Department of Labor, which was clipped to Exhibit 2. Appellant's sole complaint was leveled at the letter. The Consumer Price Index, prepared by the Bureau of Labor Statistics from extensive data collected on a national basis, systematized and published for general distribution, and kept as records of the bureau, is prima facie evidence of the facts stated therein and properly admissible in evidence as an exception to the hearsay rule, the same as copies of the United States census reports, *Priddy v. Boice,* 201 Mo. 309, 99 S.W. 1055 (1906), and records of the United States Weather Bureau, *Wheeler v. Fidelity & Casualty Co.,* 298 Mo. 619, 251 S.W. 924 (banc 1923). While Exhibit 2, the letter, was hearsay and would ordinarily be incompetent, 12 Mo.Dig. Evidence its admission in evidence in this case was not reversible error because the basic facts related in the letter were drawn bodily from data fully and properly established by admission in evidence of the Consumer Price Index. It is basic that the admission of improper evidence is harmless where the fact thereby sought to be shown is otherwise fully and properly established. 3B Mo.Dig. Appeal & Error *Boten v. Brecklein,* 452 S.W.2d 86, 96[21] (Mo.1970); *Stein v. State Tax Commission,* 379 S.W.2d 495, 499[6] (Mo.1964). The letter was cumulative of the Consumer Price Index, and its admission in evidence was not prejudicial. *First Nat. Bank of Cape Girardeau v. Socony Mobil Oil Co.,* 495 S.W.2d 424, 434[5] (Mo.1973).

Appellant asserts error in modifying the alimony award on the basis that there was no clear demonstration of a sufficient change in circumstances between February, 1966, when the decree was rendered, and February, 1974, when it was modified, to warrant sustaining the motion. Appellant maintains that the evidence shows that respondent's income exceeds her expenditures by an amount of from $34 to $93 per month.

 There was ample evidence to justify the modification. Without extensively reviewing the evidence suffice it to say that there is one circumstance which of and by itself more than justifies the minimal weekly increase of $15. That is the fact that respondent, who for more than 7 years and until a few weeks before the hearing had been living rent free in the house occupied by the parties during coverture, had been obliged on order of her ex-husband to move from the rent-free premises, resulting in new and additional expense of $145 a month for apartment rental. Another item of material change in circumstances is the 37.9% rise in the cost of living. The increase in the cost of living is to be taken into account in determining whether there has been a change of conditions warranting a modification of alimony awards. *McGinley v. McGinley,* 513 S.W.2d 471, 473[4] (Mo. App.1974); *Lane v. Lane,* 439 S.W.2d 550, 553 (Mo.App.1969). Respondent has been eking out a bare subsistence as a maid at a motor hotel, from which employment she has gross earnings of $3,420 annually. The record indicates that appellant did not comply with the 1966 court order allowing $40 per week alimony for some seven years, and not until after respondent filed an affidavit for an execution alleging $14,386 alimony past due. Assuming that appellant continues paying $40 per week this will add $2,080 to respondent's gross income. We find, however, that after subtracting from her gross income federal and state income taxes, city earnings taxes, FICA deduction, automobile expenses for gasoline and repairs, apartment rent, payments on old debts, doctor bills, utilities, clothing and food bills, respondent will have only a few dollars left with which to pay for necessary dental work (postponed because of lack of funds) and additional fuel and utility bills during the winter weather, leaving nothing for emergencies and miscellaneous expenses.

 Appellant's financial circumstances have improved since 1966. At that time he was a realtor. In 1973, in addition to his real estate firm, appellant owned a lounge,

restaurant, motor hotel and other properties, and was driving a 1973 Eldorado Cadillac. While a better financial status of an ex-husband is not per se a sufficient reason to justify an increase in an alimony award it does bear on his ability to pay a larger amount and is properly to be taken into account for that reason. *McGinley v. McGinley,* supra; *Lane v. Lane,* supra.

Under all of the circumstances we find a substantial change in the material circumstances of the parties since the 1966 decree was rendered and a sufficient evidential basis for a modification upwards of the alimony award from $40 to $55 per week.

Deferring to the findings of the trial chancellor on the whole evidence, the order of February 8, 1974 is affirmed.

SMITH, C. J., and ALDEN A. STOCKARD, Special Judge, concur.