■ CITY OF HOPE, INC., et al., Respondents, v FISK BUILDING ASSOCIATES et al., Appellants.—Order of the Supreme Court, New York County, entered March 11, 1977, denying appellants' motion to dismiss the amended complaint of respondents, unanimously modified, on the law, by substituting for the first decretal paragraph therein a paragraph granting appellants' motion to dismiss the second cause of action in the amended complaint pursuant to CPLR 3211 (subd [a], par 7) and, as so modified, the order is in all respects affirmed, without costs or disbursements. Appellants shall serve their answer to the first cause of action in the amended complaint within 20 days after service of a copy of this court's order with notice of entry. The amended complaint sets forth two causes of action, on the theory of "unjust enrichment". The first cause seeks recovery in the sum of $300,000. It alleges that the leases of respondents contain various escalation clauses providing for additional rent in the event of increases in operating expenses, real estate taxes, the consumer price index and electricity; that with respect to the operating expense and electricity clauses, appellants have misapplied said provisions by incorrectly computing the additional rent claimed thereunder; and that with respect to the real estate tax clause, appellants have failed to credit respondents with refunds received on such real estate taxes. The second cause seeks recovery of $100,000 for alleged duplication of payments under the consumer price index clause and the electricity escalation clause. Although the notice of appeal seeks a review of each and every part of the order of Special Term, in the absence of any argument in appellants' brief to support a challenge on this appeal to the first cause in the amended complaint, the order is affirmed insofar as it denied appellants' motion to dismiss that cause. Appellants' challenge to the second cause of action in the amended complaint on the ground of *res judicata* (CPLR 3211, subd [a], par 5) is untenable, inasmuch as that cause complies with the suggestions appearing in Special Term's decision of February 25, 1976 which denied appellants' motion to dismiss the complaint, with leave to replead. Notwithstanding that appellants' challenge under CPLR 3211 (subd [a], par 7) is directed to the entire complaint, this court is not precluded from considering the sufficiency of the second cause of action under that rule, particularly in the circumstances herein that a separate challenge was made to the second cause albeit under CPLR 3211 (subd [a], par 5). (*Great Neck Assoc. v Village of Great Neck Estates*, 26 AD2d 546, 547; 4 Weinstein-Korn-Miller, NY Civ Prac, par 3211.38; see *Amaducci v Metropolitan Opera Assoc.*, 33 AD2d 542.) The second cause of action is dismissed as

insufficient (CPLR 3211, subd [a], par 7). We do not agree with respondents' contention that a legal claim to damages can be asserted on the premise that an escalation clause providing for an increase in the annual rent measured by the upward adjustment to the consumer price index constitutes a substantial duplication of an escalation clause providing for an increase measured by the increased cost of electricity. Respondents base their argument on the fact that the consumer price index includes among its components increases in the cost of electricity. It is apparent, however, that each of the different types of escalation clauses contained in the leases, including the consumer price index clause and the electricity escalation clause, has a separate, legitimate economic purpose. The purpose of the escalation clause based upon the consumer price index, of which the court takes judicial notice (see *People v Sowle,* 68 Misc 2d 569, 571; 10 Carmody-Wait 2d, NY Prac, § 70:283) is to adjust for changes in the value of the dollar, in this case to protect the lessor from erosion of its rental income by inflation and to stabilize that income in real dollars at the value as of the date the leases had their inception. The purpose of the electricity escalation clause is to reimburse the lessor for increases in the cost of electrical consumption. The parties, commercial tenants on the one hand and landlords on the other, were free to adopt or reject any measuring device they wished in order to accomplish each purpose. The parties might have bargained for the same device, such as the consumer price index, or any other device, to measure the factor on which to predicate the increase contemplated under each clause and they thereby could have achieved a complete overlap in the measuring device in each such instance. They chose, however, to utilize two separate measuring devices, one for each of the two clauses. Whether there is in fact an overlap between these two clauses, or the extent thereof, is irrelevant; nor is any issue of unconscionability of these two clauses any longer in the case, in view of the decision of Baer, J., unanimously affirmed by this court (53 AD2d 534). The overlap, nevertheless, is miniscule, as electricity is only one of about 400 components considered by the Bureau of Labor Statistics in calculating the consumer price index (see *Cole v Cole,* 532 SW2d 508, 510 [Mo]; *Hunt v State of Iowa,* 252 NW2d 715, 722; *Troy Hills Vil. v Parsippany-Troy Hills Twp. Council,* 68 NJ 604). Concur—Lupiano, J. P., Birns, Silverman, Evans and Sandler, JJ.