Sharla B. SMOLLY, formerly Sharla B. Hoffman, Plaintiff-Respondent,

v.

Allan R. HOFFMAN, Defendant-Appellant.

No. 33590.

St. Louis Court of Appeals, Missouri.

Sept. 22, 1970.

Max Sigoloff, St. Louis, for defendant-appellant.

Kappel, Neill, Staed & Wolff, Richard Wolff, St. Louis, for plaintiff-respondent.

WEIER, Commissioner.

By judgment entered May 7, 1969, plaintiff, Sharla B. Smolly, the former wife of defendant, Allan R. Hoffman, was awarded an increase in child support that doubled the amount which had been awarded her at the time of the divorce about seven and one-half years before. From this judgment defendant has appealed. In

his brief, defendant limits his appeal to two issues. First, defendant challenges the judgment on the ground that the plaintiff's evidence did not attain such a character or quality as to be "substantial, definite and sufficient" and thereby failed to sustain the court's judgment. Two, defendant declares that the motion to modify fails to allege facts, conditions and circumstances arising or coming into existence since the rendition of the original decree which would entitle plaintiff to the relief for which she prayed. We will consider these in inverse order.

The motion to modify the divorce decree set forth the facts of the prior divorce, transfer of custody to plaintiff and the birth dates of the children. It then stated that plaintiff had remarried; that she lived with her present husband and her children in St. Louis County, Missouri. Changed conditions since the divorce are described as an increase in cost of maintaining and educating the children; enrollment in religious training and summer camps; music lessons; and the need of medical treatment for one child. Plaintiff further alleged she was unable to pay for these increased costs and litigation expenses, and that defendant was financially able to pay. No motion for a more definite statement or to dismiss was filed prior to trial. Since no attack was made on the pleadings prior to trial, we should not reverse on this ground even if the motion to modify was deficient. Civil Rule 74.30(8), V.A.M.R. Furthermore, it is not required that a pleading which sets forth a claim for relief, such as a motion to modify, contain evidentiary matter. All that is required is a short, plain statement of the facts showing the pleader is entitled to relief. Civil Rule 55.06, V.A.M.R.; Wonneman v. Wonneman, Mo.App., 305 S.W.2d 71, 78 [1 and 6].

We now turn to the first contention bearing on the sufficiency of the evidence. When the parties were divorced on November 9, 1961, they were the parents of four children, whose custody was placed in plaintiff. Marlon was 8 years of age, Joyce Ellen, 7 years, Cheri Lynn, 5 years, and Stanley, 1 year. By agreement, approved by the court, defendant was ordered to pay plaintiff $20.00 per week per child. Following the divorce the plaintiff married Gerald G. Smolly and, at the time of the hearing on the motion, a child had been born of this marriage. They had moved from a house in University City to a larger dwelling in Ballwin, St. Louis County. All monies received by plaintiff for child support, together with those earned by Smolly, were placed in a joint account and then used to pay the expenses of operating the home and providing for themselves and the children. Although separate accounts were not kept as to the expenditures on each child, for a period of six months, November, 1968 through April, 1969, Mr. and Mrs. Smolly made a list of food and other expenses, concerning which they testified. On the basis of expenditures made, together with the needs of the children, an allocation of various amounts was made as to each child on a weekly basis. The various categories included food, housing, medical treatment, spending allowances, hobbies and gifts, dry cleaning, hair cuts and beauty shop, transportation, drugs and notions, piano, voice and art lessons, school luncheons, household and school supplies, and clothing. The weekly allocation as to Marlon who had then attained 16 years of age, amounted to $74.15; Joyce Ellen, attained age 14 years, $65.45; Cheri Lynn, attained age 12 years, $58.95; and Stanley, attained age 8 years, $53.45; amounting to a total of $252.00 per week.

Prior to the hearing on the motion, defendant Hoffman had expended money for the children over and above the $80.00 per week which he had been paying Mrs. Smolly. The method he used in determining the kind and quantity of clothing so purchased would be to first discuss needs with the children. They would then make up a list and discuss the cost. Sometimes he would take them shoppinng. On other occasions he would have Mrs. Smolly's mother who worked in a department store purchase the

list of clothes and would then pay the total amount. Sometimes the children would not receive clothes which they needed and other times they would get things which were not needed. He took care of doctor and medical bills, but a problem had arisen with Mrs. Smolly in regard to the choice of doctors and dentists. Defendant had paid for a year of attendance at a private school in New York for Marlon. He gave the children amounts of money for spending allowances, but there was a difference of opinion on the amounts given. He also provided for religious training.

At the close of the evidence, the court found there had been a substantial change in circumstances with respect to the needs of the children since the time of the divorce. The court further found that the very fact that defendant had paid money in addition to the allowance, demonstrated a need for additional sums for the support of the children. An award was then made of $45.00 per week for Marlon; $44.00 per week for Joyce Ellen; $40.00 per week for Cheri Lynn; and $36.00 per week for Stanley; or a total of $165.00 per week, $87.00 less than the amount of $252.00 sought by plaintiff.

We have been requested to reverse because of the insufficiency of the evidence, because it is not definite and because it is not substantial.

▮ First, we inquire as to whether there has been a showing by sufficient, definite and substantial evidence that there has been a change of circumstances between the time of the divorce, November 9, 1961, and the date of the hearing of the motion to modify, May 7, 1969, to justify a change in the amount of the award. Our answer to this must be in the affirmative. The increased expense of supporting a child, which must, of necessity, become greater as the child grows up, in itself constitutes sufficient change of circumstances. Bettinger v. Bettinger, Mo.App., 355 S.W. 2d 354, 359 [3]; Royster v. Royster, Mo. App., 420 S.W.2d 1, 4 [7]. We also take ju-

dicial notice of the inflationary trend in the general economy, with resultant effect on the purchasing power of the dollar. Harriman v. Harriman, Mo.App., 281 S.W.2d 566, 571 [5].

▮ Second, we inquire as to whether there was evidence of a sufficient, definite and substantial nature presented to the court so that the court in the exercise of its sound discretion could arrive at its finding and judgment. Here, again, we must answer in the affirmative. To determine the amount to be allowed for the support of minor children, the court must consider the needs of the children, their station in life, and the financial condition of the father. Butler v. Butler, Mo.App., 262 S. W.2d 330, 335 [6]; Brosam v. Brosam, Mo. App., 437 S.W.2d 694, 697. Evidence as to the financial condition of the father is here absent because the parties stipulated that he was financially able to comply with the order of court, if it was reasonable. This was obviously done to prevent disclosure of financial information showing his worth and earning capacity. (See our opinion involving discovery procedures in this case in State ex rel. Hoffman v. Campbell, Mo.App., 428 S.W.2d 904). We, therefore, do not consider whether the increased financial burden would be beyond the ability of the defendant to pay. Reasonableness, in this instance, must be determined by the examination of the needs of the children.

▮ As previously stated, a record of expenditures for food and other items was kept by plaintiff and her husband Smolly for six months just prior to the hearing of testimony on the motion. From this they prepared a list of expenditures. They also made an allocation based on the list and on other expenditures for the Hoffman children. This evidence was substantial and definite enough to inform the court of the needs of the children. Furthermore, it is not controvened. The situation here is not that found in McCullough v. McCullough, Mo.App., 402 S.W.2d 623, a case relied on where no evidence was

profered as to how much was needed for the support of each child. Nor is it similar to Hayes v. Hayes, 363 Mo. 583, 252 S.W.2d 323, cited by defendant, where, aside from outlining the nature and requirements of a modification proceeding, the main thrust of the case was directed toward the problem of disqualification of a judge by application for change of venue. Again, in Nelson v. Nelson, Mo.App., 357 S.W.2d 223, considered appropriate authority by defendant, the moving party failed to develop her case by evidence of monthly or periodic expenses properly allocated as to the child's share and the case was remanded so this additional evidence could be presented.

The facts here in evidence more closely resemble those found in Wonneman v. Wonneman, Mo.App., 305 S.W.2d 71. In Wonneman it was contended that plaintiff failed to prove the amount of increase necessary for the support of the children. Her testimony alone was submitted concerning these matters and was detailed in lists compiled by her. These schedules were based upon actual expenses during the preceding two years, as disclosed by an examination of her checks and receipts over that period of time. The court pointed out that, because of their advanced age, the requirements of the children were greater than they were at the time of the original decree. Furthermore, due to the increase in the cost of living, more money would be needed to meet those needs. Similar evidence was approved in Bradshaw v. Bradshaw, Mo.App., 317 S.W.2d 21. Even without this authority, our reason compels our acceptance of the proposition that the trial court was given for its consideration evidence that was sufficient, definite and substantial so that the court could make a valid determination and judgment. Without keeping an exact set of accounts, the plaintiff and her husband had maintained a record of food and other items over a relevant period of time. They had also computed total expenses in other categories and had then allocated sums for each child according to his or her need. The reason-

ableness of some of the amounts claimed by plaintiff in the instant case could well be and were challenged. The trial court found excessiveness in some categories and reduced the amounts sought from $252.00 per week to $165.00 per week. The evidence as to the children's needs was sufficiently definite and substantial to support the judgment. In turn, we cannot say from examination of the record that the amounts which were finally determined by the court were in themselves unreasonable in light of the evidence as to the needs of the children.

Factors which also bear upon the question of reasonableness are the income of the father and the amount of property he owns. Wonneman v. Wonneman, Mo.App., supra, 305 S.W.2d 71, 79 [10]. In this area, we are precluded from consideration of such factors by the stipulation referred to above and which in effect left the determination of reasonableness to be made only upon evidence of the needs of the children. This is also true of the factor of "station in life". Obviously, station in life is largely determined by the position and means of the father who has the duty to support. Here again we are limited in the scope of our examination by the stipulation and the resultant absence of evidence on this subject.

We may not set aside a judgment of the nature rendered here unless clearly erroneous. Civil Rule 73.01(d), V.A.M.R. A decree modifying a previous order for child support should not be set aside unless there has been a manifest abuse of discretion by the trial court. Bettinger v. Bettinger, Mo. App., 355 S.W.2d 354, 360 [4]. We find none here. The judgment is affirmed.

PER CURIAM:

The foregoing opinion by WEIER, C., is adopted as the opinion of this Court. Accordingly, the judgment is affirmed.

WOLFE, P. J., and BRADY and DOWD, JJ., concur.