Joan Alderman WALTER, Respondent,

v.

Harry Jacob WALTER, Appellant.

No. KCD 27432.

Missouri Court of Appeals,
Kansas City District.

Nov. 29, 1976.

Charles P. Schleicher, William M. Wunderlich, Kansas City, for appellant.

Michael J. Albano, Graham, Paden, Welch, Martin & Tittle, Independence, for respondent.

Before SHANGLER, P. J., and SWOFFORD and SOMERVILLE, JJ.

SHANGLER, Presiding Judge.

The parties were divorced by decree of May 3, 1968, and in anticipation of that event, executed a Stipulation and Separation Agreement and a later addendum to settle the marital property and make provision for alimony and support of the children. The court approved the agreement, awarded the wife a fixed alimony and custody and support for the seven children according to the terms of the marital contract, which the court adopted into the decree for those purposes.

The writings are not made part of the transcript on appeal, nor is the original decree, and what we know of them comes from the comment of court and counsel.

In March of 1973, the wife moved to modify the decree to increase alimony and child support and asked for an allowance for attorney fee. The husband responded with a motion to eliminate alimony, or to

decrease it, and to reduce the child support previously awarded. The parties now agree that the alimony provision in the contract made in anticipation of divorce binds them both and may not be modified without their consent. They also agree that no concurrence between parents may oust a court of jurisdiction to make provision for the support and other welfare of minor, unemancipated children properly before the tribunal. Accordingly, court and counsel proceeded on the premise that the alimony obligation arose from the Separation Agreement, not statute, and was not subject to judicial modification. They adopted the procedure, also, to treat the pending motions as a request for the court to fix the obligations for alimony and child support under the Agreement and then to determine whether the evidence proved the change of circumstance contended by the respective parties. The alimony and child support provisions of the contract were expressed by a formula which allocated definite amounts for each, but also other sums payable to third persons—such as purveyors of food and services—for the benefit of the children. The parties had become uncertain of their rights and obligations for alimony under the contract and for the child support as adopted into the decree from the contract.

The court determined, first, that the contract and decree obligated the husband to pay the wife $314.35 as alimony per month and $97.95 as support for each of the seven children per month. The court determined, second, that change of circumstances justified an increase in support payments of $75 per child and entered judgment that the husband pay the wife $172.95 for the support of each of the seven children per month. The court determined, third, that the wife have judgment for costs and $1275.00 allowance for attorney fee.

The parties have each appealed from this judgment. The wife contends that the evidence justified a much larger increase for child support. The husband contends, variously, that 1) the court miscalculated his obligation for alimony under the Agreement; 2) the mother failed her burden of proof and did not show the needs of the children by evidence; 3) the increase for child support was excessive; 4) the awards for costs and attorney fee were not justified, or at least excessive.

The husband asserts the first point that the terms of the Stipulation and Separation Agreement are unambiguous and so to be enforced according to the plain terms without resort to construction. He complains that the judgment rests on testimony by the husband, extrinsic to the agreement, that he considered his total family obligation under the contract to be $12,000 per year, and so violates the parol evidence rule within the principle of *Dutcher v. Harke*, 377 S.W.2d 140 (Mo.App.1964).

Our study of the writings leave no wonder that the parties have previously sought definition of the terms—only to be abandoned in frustration—and must now call on the court again to fix their rights and obligations under those instruments. Only a disingenuous argument can insist that the calculations they describe are self-evident. The statement of the financial undertaking, rather, is ponderous, involved, contingent, qualified and tedious in detail. These observations are expressed more poignantly by the trial court:

> [T]he Court has reviewed these agreements in detail and finds the terms respecting support of the wife and children to be complex to the point of absurdity. These agreements qualify admirably as an example of legal draftsmanship having no recognition of practical necessities and containing all the inherent ingredients of future controversy.

The court went on to abstract the agreements to these basic terms of support from the husband to the family:

(a) $250 maximum per month for groceries.

(b) Mortgage loan payments on the residence (or $160.00 per month in lieu thereof, taxes, insurance and $15.00 per month exterior maintenance.

(c) $1824.00 annually for entertainment, medical expense, clothing, education and gifts for the children.

(d) $200.00 monthly as alimony to plaintiff.

(e) $25.00 monthly per child as child support.

As to items (a) and (b) above, one-eighth of each payment is designated to be for the benefit of the wife, there being seven children born of the marriage. Other provisions relative to the support payments such as the discretion given [husband] as to whom and for what purposes payments will be made and the use to be made by [wife] of sums given her are of no assistance in the problem at hand and may be disregarded.

Reducing the payment obligation to an amount per month per child, the following result is obtained:

| | |
|---|---:|
| (a) Food (⅛ of $250.00) | $31.25 |
| (b) Housing (⅛ of $160.00—payments for taxes, insurance, etc. being indefinite are disregarded) | 20.00 |
| (c) Entertainment, clothing, etc. ($1824 ÷ 12 ÷ 7) | 21.70 |
| (d) Unallocated cash payment | 25.00 |
| Total Monthly Support Per Child | $97.95 |

The above figure correlates with [husband's] contention of $1000.00 monthly as his aggregate liability for alimony and child support ... when the ⅛ allocations for the wife and the $200.00 monthly alimony amounts are added.

We thus interpret the present decree as obligating the defendant to payments of $97.95 per child support and $314.35 as alimony.

■ The husband agrees with the summary by the court of the support obligations under the agreements, but contends that the addition of the one-eighth allocations to the basic alimony sum of $200.00 results in a $251.25 monthly support to the wife, not $314.35 as found by the court. The husband complains that the result reached was derived by resort to the extrinsic evidence by the husband that his family

support obligations, as he understood the agreements was to pay $12,000 per year[1] —in contradiction of unambiguous writings. This argument assumes, once again, that the instruments express clear meanings. One of the stipulated purposes of the proceeding to modify was to *fix* the obligations of the husband. Since the taxes and other residence expenses were variable from year to year [as were numerous other items], it was manifestly impossible to fix a sum payable by the husband without an extrinsic frame of reference. That was provided by the testimony of the husband. The finding of the court which defined the monthly family obligation of the husband to the wife at $1,000 per month reflects no more than his own estimate of the contractual obligation. The practical construction which the parties themselves by their conduct give to an ambiguous contract bears directly upon the definition of the performance intended. *Robson v. United Pacific Insurance Company*, 391 S.W.2d 855, 860[4–9] (Mo.1965). This point is ruled against the husband.

■ The next contention is that the evidence by the mother does not prove new needs by the children and their cost. There was evidence that the children were by then some five years older and the additional costs that entails. At the time of the divorce, they ranged from three to eleven years in age; at the modification they were from eight to sixteen. There was evidence of the steady inroads of inflation during that period. These are sufficient change of circumstances to justify modification of support allowances. *Smolly v. Hoffman*, 458 S.W.2d 579, 581[3, 4] (Mo.App.1970).

There was much more evidence of need and expense to keep the children properly, however, and the wife estimated that cost at $2579 per month. At the divorce, the children and their mother were living in the family home, but the dwelling deteriorated into uninhabitability. The plumbing was beyond repair, electricity malfunctioned, the roof leaked, windows were broken—

1. The husband testified, in fact, he had paid for support and alimony to the wife during the years from the decree to the modification proceeding annual sums which varied from some $13,600 to $15,600.

among other defects. These conditions prompted their move into an apartment where the five boys shared one bedroom and the mother and two girls, the other. The cost of those quarters was $275 per month, but the wife estimated $650 per month as the reasonable cost of a suitable home for the family. Then, she testified to the cost for parochial school enrollment for the children—done at the request of the father—estimated at $190 per month. There was also the estimated $150 monthly cost for an automobile for the transportation of the children to numerous activities and for the use of the eldest boy, who had reached the proper age for that activity. The cost of proper feeding, medical care, social activities and clothing for the children, as well as other items of need, were all given. In light of this evidence of need, the court increased the support allowance $75 for each child—or a modification of $525 to a total of $1210.65 per month for the seven children.

The husband contends that the increase cannot be supported by the evidence. This contention must be examined in the context of § 452.370, Laws of 1973, which allows a modification of support only on changes of circumstance so substantial and continuing as to make the terms of the subsisting decree unreasonable. [*Sifers v. Sifers*, Mo. App., 544 S.W.2d 269 adopted concurrently]

The wife [here the custodial parent] was a registered nurse who for the two years preceding the modification motion had been employed by the Veterans Administration Hospital at a salary of $11,500 per year and enjoyed a net pay of $350 every two weeks. All of this resource was used for the support of the children because funds from her husband were not sufficient to care for the children. She had a $500 savings account pledge for the purchase of a used car which had long since become useless and for which she still owed $61.94.

The father, on the other hand, owns the entire equity in two construction companies [E. J. Walter Plastering Company and Interstate Building Specialities Company] and substantial interest in two others. Although his two corporations operated at losses for the years 1968, 1969 and 1970, they have been profitable since so that in 1972, the E. J. Walter Company earned over $60,000 after salary and expenses paid to him, and Interstate earned over $22,000 after such payments. One of these companies had just concluded a $3,000,000 contract with Crown Center. While $40,000 remains unliquidated on a Small Business Administration Loan, funds are available but payment is withheld as a favorable business practice. One of the contingencies of the loan restricts the salary payable for each company, so that his present salaries are limited to $31,945 per year. He received other emoluments from these companies, however, free from personal taxation, among them, a Cadillac for personal use, an annual personal expense account of $10,000, memberships in two country clubs and payment for apartment utilities and a portion of the rent. His estimate for unreimbursed living expenses comes to $1262 per month.

This evidence sufficiently proves the basis for the increased child support allowances, the award for the attorney fee and costs, the ability of the father to pay them, and when the means of each parent is compared, the dominant economic means of the father to satisfy these obligations and expenses.

The judgment of the trial court rests on sound evidence and is affirmed in every respect.

All concur.