**Alonzo Hansford MORRIS, Jr., Plaintiff-Appellant,**

v.

**Dorothy Mildred MORRIS, Defendant-Respondent.**

No. 10061.

Missouri Court of Appeals, Springfield District.

March 28, 1977.

Arthur B. Cohn, Waynesville, for plaintiff-appellant.

Wm. C. Morgan, Waynesville, for defendant-respondent.

HOGAN, Judge.

This is an action to modify the child support provisions of a divorce decree entered on June 15, 1971. The decree awarded custody of two young daughters to the defendant and provided $100 per month for their support. Alleging that plaintiff's income had increased substantially, that the parties' joint debts and obligations had been discharged, that the cost of maintaining and educating the children had increased substantially and that she was now required to expend large sums of money to care for the children, defendant prayed that the amount of child support be increased to $175 per child per month. The trial court increased the amount of maintenance to $110 per month per child and the plaintiff now appeals.

The evidence was that at the time the divorce was granted, plaintiff, who is in the United States Army, earned $732.60 per month. The defendant was employed as a telephone operator; she earned $65 to $75 per week. Both parties have remarried. Defendant no longer works; she keeps house for her present husband and cares for the children who, by our calculation, are 15 and 13 years old at this writing. Plaintiff has no other children. Defendant's evidence indicated that the parties had substantial joint debts at the time they were divorced, and that the plaintiff has now paid those debts.

Defendant testified that she and her present husband Louis Seo live in Chester, Virginia. Mr. Seo is employed by ABC Rental Systems, Inc., in Richmond, and earns $1,215.24 per month. He and defendant purchased a three-bedroom frame house in August 1973. Their house payment is $249.50 per month. Their utilities payments "average" a little over $80 per month, and they spend "probably around" $300 per month for food. In addition, defendant testified that her children require $1.08 per day for school lunches, $50 per month for clothing, "average over a year", and that, of course, "both of them need braces." The orthodontist will charge $2,150 for both children; defendant has made a "down payment" of $537.50, and will be obliged to pay the balance at the rate of $62 per month. The younger child requires glasses, which cost $55 per pair. The elder child takes piano lessons, which cost $15 per month. School supplies "aver-

age ten dollars a month [defendant] would say." Averaging out all her household expenses, defendant estimated that the cost of caring for her children came to $507 per month. Both children have "ID" cards which entitle them to use the post exchange and commissary at Fort Lee, which is near defendant's residence.

Plaintiff's evidence was that he remarried on June 25, 1971. He is a Sergeant First Class, what is called an "E-7". He has been in military service almost 14 years; his service arm is not shown. Plaintiff's total "entitlement" is $1000.81 per month. He confirmed that after the divorce, he paid a number of debts he and defendant had incurred. Plaintiff now lives in a "mobile home"; the payments on that mobile home run $127.57 per month. After deductions, including a car payment, motorcycle payment and furniture payment, plaintiff's "spendable" income amounts to $715 per month. His living expenses are $43 per month for "trailer space" and his utilities come to $65 per month. Plaintiff is not obliged to, but does live "off post" and he makes two trips to the post each day. In consequence, his expenses for fuel run "approximately" $45 per month for the two vehicles he and his wife own and maintain. Food for plaintiff and his wife comes to $130 per month, and he is repaying a "vacation loan" at the rate of $65 per month. He owes other debts (car repair and attorney's fees) in the amount of $700 to $800 "roughly". The substance of plaintiff's testimony was that he is now living beyond his means and could not possibly pay any additional child support.

In this court the plaintiff raises two points. Citing us to § 452.370, subd. 1, RSMo Supp.1975,[1] and to *McGinley v. McGinley,* 513 S.W.2d 471, 473 [2] (Mo.App. 1974), plaintiff contends there is no evidence to support a finding of changed circumstances so substantial and continuing as to make the terms of the original decree unreasonable. We cannot agree. Courts

know judicially that parents attempting to rear children have been harassed by spiraling inflation, *Jackman v. Jackman,* 533 S.W.2d 361, 363–364 [6, 7] (Tex.Civ.App. 1975), and there was evidence that the children have now become adolescent and that their needs have increased. The children's talents should be developed, and their dental and medical needs must be attended to. All in all, the record is sufficient to warrant an increase in support allowances. *Walter v. Walter,* 544 S.W.2d 271, 273 [3] (Mo.App. 1976); *McGinley v. McGinley,* supra, 513 S.W.2d at 473 [4]; *Smolly v. Hoffman,* 458 S.W.2d 579, 581 [3, 4] (Mo.App.1970).

Plaintiff's additional point on appeal is that the award of child support is beyond his means, and here he invokes the indubitably sound principle that an award of child support should not be so great as to destroy the father's incentive or impair his position. See, e.g., *Rodgers v. Rodgers,* 505 S.W.2d 138, 146 [13] (Mo.App.1974); *Houston v. Snyder,* 440 S.W.2d 156, 161 [11] (Mo.App.1969). It is true, we think, that at the time this case was tried, the plaintiff's income barely met his expenses and debts, but the record also makes it plain that some of plaintiff's newly acquired debts are the result of self-indulgence, rather than the product of necessity. Moreover, both parties, so far as we can determine, asserted a good many items of expense without supporting documentation, and in a case of this kind the parties' "estimates" and approximations of their needs are properly subject to being discounted by the trial court. *Houston v. Snyder,* supra, 440 S.W.2d at 159 [4]; Annot., 1 A.L.R.3d 324, 338–339, § 8[c] (1965). We reiterate that the *amount* awarded is subject to review only to determine whether there has been an abuse of discretion or an erroneous application of the law. *In re Marriage of Schulte,* 546 S.W.2d 41, 46–47 [4], and authorities collated n.7 (Mo.App.1977). We are not convinced that the increase is wholly beyond the plaintiff's means nor that the trial court has errone-

---

1. Which reads, as here material: "[T]he provisions of any decree respecting maintenance or support may be modified . . . only upon a

showing of changed circumstances so substantial and continuing as to make the terms [of the original decree] unreasonable."

ously applied the law, and accordingly the judgment is affirmed.

All concur.