In re the MARRIAGE OF Irma J. EN-
GELHARDT, Petitioner-Respondent,

and

Alvin J. Engelhardt,
Respondent-Appellant.

No. 28944.

Missouri Court of Appeals,
Kansas City District.

May 31, 1977.

Snowden, Crain & DeCuyper, Joseph Y.
DeCuyper, Hsiang-Lin Lee, Kansas City,
for respondent-appellant.

Dorsey, Brannon & Dorsey, John Gregory
Dorsey, North Kansas City, for petitioner-
respondent.

Before SHANGLER, P. J., and WEL-
BORN and HIGGINS, Special Judges.

ANDREW JACKSON HIGGINS, Special
Judge.

Appeal from judgment which modified
divorce decree by increasing allowance for
child support, awarded attorney's fees for
trial of the motion to modify, and awarded
brief costs and temporary attorney's fees
for this appeal. The question is whether
the awards constituted an abuse of discre-
tion. Affirmed.

Irma J. and Alvin J. Engelhardt were
divorced May 26, 1972. Mrs. Engelhardt
was awarded custody of the couple's minor
daughters, Catherine Ann, 13, Susan Elaine,
10, and Carol Jeannette, 8. Mrs. Engel-
hardt was awarded $240 per month for sup-
port of the children.

Mrs. Engelhardt moved February 4, 1976, to modify the divorce decree to increase the award for child support. She prayed also for attorney's fees for prosecution of her motion.

Irma J. Engelhardt lived with Catherine Ann, Susan Elaine, and Carol Jeannette in a $114.50 per month rental home at 5237 Northeast 37th Street, North Kansas City, Missouri. Alvin J. Engelhardt had remarried and was living with his new wife in a $250 per month rental home at 5705 Northwest Hillside Drive, Kansas City North, Missouri.

Mrs. Engelhardt's costs for maintenance of the children had increased generally since the divorce due to the general increase in the cost of living. The children are older, are now teenagers, and require more. Catherine Ann is now in Senior High School with the usual added expenses for books and social and class activities. All three children now eat more, wear adult-size clothing, and have need for cosmetics. Personal items cost more for teenagers than for children. All three children have added social activities such as basketball games and dances. Mrs. Engelhardt's rent is $10 more per month than in 1972. · She had obtained new employment at Fleet-Mate Products at a gross salary of $600 per month, and a net of approximately $400. Her previous employment at Grand Avenue Bank grossed $518.27 per month. Her net at the bank, $350, amounted to about the same when insurance benefits there were considered. Her utilities costs had increased. She did not know the amount; it was a "percentage per month." Other costs for medical and debts had remained as budgeted. Her itemized expenses amounted to $646.50.

Mrs. Engelhardt figured her need for child support at $400 per month. She estimated Mr. Engelhardt's current salary at $1200 per month, an increase of $400 per month since the divorce. Mr. Engelhardt had increased the child support without court order to $280 per month, $20 of which was to purchase hospitalization insurance at Grand Avenue Bank, because it could be obtained cheaper there than through Mr. Engelhardt. She does not have such an opportunity on her new job. She also asked for an award of attorney's fees.

All three girls had been employed from time to time, usually at baby-sitting. Their incomes were quite small, $2.00 to $3.00 per week to as much as $15.00 per week in the past summer by the oldest daughter. The money went to their own needs and recreation.

Alvin J. Engelhardt was employed by the City of Kansas City as Airport Safety Manager at KCI Airport. In 1972 his income was around $820 per month and it is now $1,284 per month. He is paid 26 times per year. His net pay after deductions for federal and state income taxes, city taxes, Social Security, medical and life insurance, savings bonds, pension, and credit union is $743.02 per month. He has monthly payments on accounts with Master Charge, Penney's, and Sears totaling $45 per month. Other obligations for utilities, rent, food, recreation, transportation, etc., for him and his wife, and including the $280 per month paid for child support, amounted to $920.40. His wife's employment enabled him to make up the difference between such figure and his net pay.

Mrs. Engelhardt's attorney, a practicing lawyer for eight years, set his reasonable charge for service at $40 per hour for 6.7 hours devoted to her case.

Upon the foregoing evidence, the court increased the award for child support from $240 per month to $120 per month for each child ($360 per month), and awarded Mrs. Engelhardt $225 for attorney's fees.

Alvin J. Engelhardt appealed the foregoing awards, and Irma J. Engelhardt sought an order for attorney's fees and costs in connection with the appeal.

The foregoing request was heard on August 24, 1976. Evidence concerning both parties' incomes and expenses were reiterated as in the prior hearing, and Mrs. Engelhardt's attorney estimated his additional time and cost of brief on appeal, upon which the court ordered appellant to pay

respondent cost of brief of $50 and temporary attorney's fee of $250.

■ Inasmuch as both parties address the scope of review, it is noted that the case is for review upon both the law and the evidence with due regard to be given the opportunity of the trial court to have judged the credibility of the witnesses. See Rule 73.01.3(a)(b), V.A.M.R., and its construction, *Murphy v. Carron*, 536 S.W.2d 30, 32[1-3] (Mo.banc 1976).

Appellant contends the court abused its discretion (I) in its increase of child support "without being supported by substantial evidence to justify the needs of the children and without considering the ability of the appellant to pay," and (II) in the awards for attorney's fees "without such being supported by substantial evidence to justify her need to have the expense borne by the appellant."

■ Determination of the proper amount to be paid by a father to fulfill his obligation to support his children requires a balancing between the needs of the children and the ability of the father to pay. *S. v. S.*, 514 S.W.2d 1, 8[13] (Mo.App.1974); *Smolly v. Hoffman*, 458 S.W.2d 579, 581 (Mo.App.1970).

■ And in order to award attorney's fees to the wife (or spouse), there must have been evidence to establish her need to have such expense borne by her husband, and if the disparity of means to pay is sufficient, the wife should be allowed to look to her husband for payment of her attorney's fees. *Larison v. Larison*, 524 S.W.2d 159, 161[11, 12] (Mo.App.1975).

A judgment for child support can be modified upon proof of a change of conditions subsequent to entry of original judgment with the burden resting on the moving party. § 452.370, RSMo 1969; *In re Marriage of Cook*, 532 S.W.2d 833, 838[10] (Mo.App. 1975).

■ Irma J. Engelhardt, the mother, adduced evidence of changed conditions. Her children were growing into teenagers with more needs at a time when her and their cost of living had increased. Such was a change of conditions upon which to found modification of the child support award. *Smolly v. Hoffman*, supra, 458 S.W.2d l.c. 581[3].

Mrs. Engelhardt also adduced evidence of a 50% increase in Mr. Engelhardt's income. This was not, in itself, sufficient reason to modify the child support award; but once changed circumstances were shown which justified a modification of the child support award, the husband-father's increased income was relevant to his ability to pay and was properly considered by the trial court. *Lane v. Lane*, 439 S.W.2d 550, 552[4, 5] (Mo.App.1969).

■ Mrs. Engelhardt adduced evidence that she and her children have had to use all her salary and the father's child support payments for maintaining herself and the children. She also showed that the children's father had an increase in his means, both by way of his own 50% salary increase and a salary earned by his new wife which was available to maintenance of their own life style. In such circumstances, a disparity of means existed and the award of attorney's fees and costs was not an abuse of discretion.

In addition to the authorities mentioned, the resolution of this case is supported by *McGinley v. McGinley*, 513 S.W.2d 471 (Mo. App.1974), and *Walter v. Walter*, 544 S.W.2d 271 (Mo.App.1976). See also *Nixon v. Nixon*, 525 S.W.2d 835, 838[5], 839[7, 8] (Mo.App.1975).

Judgment affirmed.

All concur.