**Carol Sue FURNEY, Respondent,**

v.

**John Wesley STEELE, Appellant.**

**No. 29235.**

Missouri Court of Appeals,
Kansas City District.

April 3, 1978.

Michael J. Mann, Kansas City, for appellant.

Carl E. Laurent, Independence, for respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

TURNAGE, Judge.

Carol Sue Furney filed a motion to modify the divorce decree by which she was divorced from John Steele to increase child support payments. The court modified the decree by increasing the payments from $17.50 per week for each child to $135 per month for each child or a total of $270 per month. John appeals.

John contends the court erred in failing to consider the duty of Carol as the mother to support the children, and the undue burden the increase placed on John. Affirmed.

Carol testified the divorce decree was entered nine years previous to the hearing on the motion to modify. The son born of the marriage is now 15 and the daughter 11. Carol testified the expenses for rearing the two children had increased to the point it now cost over $300 per month to support the two children. In addition, the son has a chronic asthma condition which results in periodic medical bills.

Carol was not employed at the time of the divorce and has not been employed since.

It was stipulated between the attorneys that John had take-home pay of $450 per month at the time of the divorce. He testified his take-home pay is now $898 per month. John testified he had remarried and his monthly expenses totaled $842.14 including the amount he was paying in child support to Carol.

Carol has remarried and her name is on certain bank and savings and loan accounts with her husband. There was no evidence that she contributed to either account. In his first point John contends the court erred in failing to consider the obligation of Carol to support the children. His contention is primarily based upon the refusal of the court to require Carol to testify as to the balance in the joint accounts. The court stated he would allow testimony concerning any money that belonged to Carol but disallowed questions concerning the joint accounts.

In the absence of any evidence to show Carol contributed to the accounts in question, the only inference to be drawn was the money was contributed by her present husband, Mr. Furney. Furney owes no obligation of support to the children and the question of his assets was immaterial.

The factors to be considered by the court in setting child support in § 452.340, RSMo 1975 Supp. relate to the financial resources of the custodial parent. The evidence refused did not relate to Carol's financial resources but to that of her present husband. No error in the respect charged is shown.

John next contends the increase causes an undue burden on him financially because he has remarried and has a family to support. John testified his present take-home pay is $898 per month. His monthly expenses total $842.14 including the original child support. He states his present wife was at times employed to help with family expenses, but was pregnant at the time of the hearing.

 The amount of child support "is subject to review only to determine whether there has been an abuse of discretion or an erroneous application of the law." *Morris v. Morris,* 549 S.W.2d 363, 365[3–5] (Mo. App.1977). Moreover the primary duty to support the children is still on the father. Section 452.340; *Allison v. Allison,* 540 S.W.2d 635, 636[4] (Mo.App.1976).

*In Re Marriage of Engelhardt,* 552 S.W.2d 356 (Mo.App.1977) is strikingly similar to this case on the facts. In that case this court found no abuse of discretion when the increase pushed the father's estimated expenses beyond his income. As stated in *Engelhardt,* the amount to be paid in child support is fixed after a balancing between the needs of the children and the ability of the father to pay. 552 S.W.2d 358[2]. Here John does not question the sufficiency of the evidence to support an increase in the amount of child support, nor that the amount awarded exceeds the needs of the children. John's "estimates" were subject to being discounted by the court. *Morris, supra.*

After a careful review of the evidence, this court has concluded no abuse of discretion is shown. *In Re Marriage of Engelhardt, supra.*

The judgment is affirmed.

All concur.