Marian CARAY, Petitioner-Appellant,

v.

Harry CARAY, Respondent.

No. 39353.

Missouri Court of Appeals,
St. Louis District,
Division One.

June 20, 1978.

Motion for Rehearing and/or Transfer
Denied July 14, 1978.

Friedman & Fredericks, Henry J. Fredericks, Clayton, for petitioner-appellant.

Rosecan, Kimbrell & Witzel, Alan G. Kimbrell, St. Louis, for respondent.

McMILLIAN, Judge.

Appellant Marian Caray appeals from a decree entered by the circuit court of St. Louis County increasing the child support award in the decree of dissolution by $30.00 per month. For reversal appellant argues that the trial court erred in (1) awarding an increase of only $30.00 per month in view of the needs of the child and respondent's ability to pay and (2) failing to recognize that the child of divorced parents becomes a ward of the court and that the best interest and welfare of the child is superior and the responsibility of the court. For the reasons discussed below, we affirm the judgment of the trial court.

Appellant and respondent Harry Caray were divorced on April 3, 1974. Appellant received custody of the couple's two minor children, Michelle and Elizabeth, age seventeen and thirteen, respectively, at the time of the divorce. Appellant received the unencumbered family home, some real property and a substantial cash settlement in lieu of maintenance, and was awarded $375.00 per month for child support. Michelle has since reached the age of twenty-one and respondent no longer pays child support for her.

Appellant subsequently became dissatisfied with these arrangements and filed a motion to modify the decree of dissolution, alleging therein that Elizabeth's living expenses have greatly increased above the original award of $375.00 per month, that appellant does not have the means to meet these expenses and that respondent is able to increase his child support payments. At the hearing on February 17, 1977, appellant testified that Elizabeth's monthly living expenses approximated $1470.00 and appellant's account book which detailed these

expenses[1] was introduced into evidence. Respondent did not testify at the hearing. On February 18, 1977, the trial court entered its order sustaining appellant's motion to modify and increasing the child support award by $30.00 per month, to a total of $405.00 per month.

First, appellant argues that the trial court erred in awarding such a small increase. Appellant contends this amount is inadequate, bears no relation to the child's greatly increased living expenses or respondent's ability to pay, but instead concedes it represents an amount equal to a cost-of-living increase. Appellant further notes that a year of child support payments at this increased level is less than five and one-half percent of respondent's income for 1976.

■ Respondent, however, argues that there was no evidence to support a finding of changed circumstances so substantial and continuing as to make the terms of the original decree unreasonable. *See* § 452.-370(1) RSMo Supp 1975. Under this section the burden is upon the movant, appellant here, to prove the "changed circumstances" that would warrant a modification. *E. g., Sifers v. Sifers,* 544 S.W.2d 269 (Mo.App. 1976). The modification standards established by this statute were intended to discourage repeated or insubstantial motions for such relief by requiring the change of circumstances be of a "fixed and continuing nature and not the experience of a random year." *Seelig v. Seelig,* 540 S.W.2d 142, 146 (Mo.App.1976); see also *Plattner v. Plattner,* No. 38826, 567 S.W.2d 139 at 142 (Mo. App. 5/23/78) (slip op. at 3). Even assuming appellant did satisfy her burden of proof, respondent argues that appellant has clearly failed to establish that the trial court abused its discretion in not awarding a *greater* increase in child support.

Respondent's ability to pay increased child support is not in dispute. Respondent's answers to interrogatories and a current financial statement indicate respondent's comfortable, if not affluent, financial condition. Respondent's income for the years 1974–1976 averaged roughly $82,000 per year. Respondent has substantial investments in securities and insurance. Respondent has remarried since the divorce.

■ Our review is limited by the standards of *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo.banc 1976): the decree or judgment of the trial court will be sustained unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law or unless it erroneously applies the law. Although we review both the law and the evidence, we defer to the opportunity of the trial court to have judged the credibility of the witnesses. Rule 73.01(3)(a), (b) V.A. M.R.; *e. g., In re Marriage of Engelhardt,* 552 S.W.2d 356 (Mo.App.1977). Moreover, we will not reverse the trial court's determination of the amount of child support in the absence of a finding of abuse of discretion. *See Plattner v. Plattner, supra* (at 142); *Naeger v. Naeger,* 542 S.W.2d 344, 347 (Mo.App.1976); *Fugate v. Fugate,* 510 S.W.2d 705, 707 (Mo.App.1974); *cf. E.C.S. v. J.D.L.,* 529 S.W.2d 423 (Mo.App.1975) (modification of custody provisions).

■ After careful review of the record, we conclude there was evidence which supported a finding of changed conditions. Appellant testified and introduced evidence in the form of her account book of Elizabeth's increased expenses, especially for clothes, entertainment and education. At the time of the dissolution decree Elizabeth was thirteen; she is now almost seventeen. By our own calculations, Elizabeth's personal expenses, excluding any proportion of the

---

1. Appellant kept a record of the monthly expenses for herself and her two daughters. She totalled the bills and then divided the total by three. By this method Elizabeth's share of the living expenses for 1976 was $13,341, which did not include medical, dental or educational expenses. Appellant testified that the $375.00 monthly payment was not only used for Eliza- beth but also for her older daughter, Michelle, who was living at home. Appellant further testified that the original child support award was inadequate because the cost of "everything has gone up." Thus, the basis for appellant's motion to modify was as much the increase in the cost of living as the greater living expenses of a teenage daughter

household expenses, were approximately $300 per month in 1976; including a reasonable share of household expenses,[2] her monthly expenses for 1976 are roughly $600. "Courts know judicially that parents attempting to rear children have been harassed by spiraling inflation and there was evidence that the [child has] now become adolescent and the [her] needs have increased." *Morris v. Morris,* 549 S.W.2d 363, 365 (Mo.App.1977), *citing Jackman v. Jackman,* 533 S.W.2d 361, 363–64 (Tex.Civ.App. 1975). This evidence was sufficient to support a modification of the child support award. *See In re Marriage of Engelhardt,* supra at 358; *Walter v. Walter,* 544 S.W.2d 271, 273 (Mo.App.1976); *McGinley v. McGinley,* 513 S.W.2d 471 (Mo.App.1974); *Smolly v. Hoffman,* 458 S.W.2d 579 (Mo. App.1970).

We distinguish the *Plattner* case in which the court held that the custodial parent failed to meet her burden of showing changed circumstances so substantial and continuing as to make the terms of the dissolution decree unreasonable. (at 142). The movant in *Plattner* relied almost exclusively on the general proposition of the increased needs of growing children and the effect of inflation. Unlike the present case, there was "no evidence to show that the terms of the original decree were insufficient to provide for the present needs of the [child]." (Slip op. at 142).

■ Second, appellant argues that the trial court erred in failing to recognize that the child of divorced parents becomes a ward of the court and that the best interests and welfare of the child is superior and the responsibility of the "new parent," the court. The standard incorporated in this argument is that used in considering the modification of child *custody* decrees and not in the modification of child *support* allowances. *See* § 452.410 RSMo Supp 1975; *e. g., L.W. v. G.W.,* 534 S.W.2d 826 (Mo.App. 1976). The guide in determining the amount of child support is basically the welfare of the child, *see Smith v. Smith,* 558 S.W.2d 785, 788 (Mo.App.1977), but all other relevant factors must be included, especially the financial resources of the father. *See* § 452.340 RSMo Supp 1975. We cannot agree that the trial court failed to consider the best interests and welfare of the child.

■ Appellant also argues that the trial court lost sight of its responsibility for the child when confronted with the celebrity status of respondent. Respondent is a well-known radio and television sports broadcaster and the trial court asked him several questions about the baseball season.[3] Although we caution the trial court against making personal conversation from the Bench with one of the parties, we cannot agree that this conversation caused the trial court to in any way ignore its responsibility.

Decree affirmed.

CLEMENS, P. J., and SMITH, J., concur.

---

2. This includes utilities, general expenses and house repairs but does not include various large amounts for furniture, carpeting and remodeling.

3. Judge: How do you think the White Sox will do this year, Harry?
Respondent: I think they are going to do better.
Judge: Let's hope so. When are you starting spring training?
Respondent: I am going down to Florida March 1st.

Judge: What do you think of Vern Rapp?
Respondent: I think he is going to be all right.
Judge: I think so, too. Say hello to Jack Hermann for me.
Respondent: I sure will. Thank you. Your Honor.
Judge: Would you gentlemen leave a memorandum indicating that this matter has been submitted and heard before me.
Mr. Kimbell: Yes, Your Honor.
Mr. Fredericks: Yes, Your Honor.