Richard Wayne BLAIR, Appellant,

v.

Sharon Kathleen BLAIR, Respondent.

No. 39913.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Aug. 29, 1978.

Roger P. Krumm, Joe D. Holt, Holt, Krumm, Hamilton, Mays & Shyrock, Fulton, for appellant.

James W. Gallaher, Barry, Neff, Gallaher & Venters, Jefferson City, for respondent.

GUNN, Presiding Judge.

Appellant, Robert Blair, appeals from an order modifying a 1975 dissolution decree. The 1975 decree required him to pay respondent, Sharon Blair, $100 per month for the support of each of their two minor children. The modification award increased child support payments to $200 per month for each child. Appellant was also ordered to pay $200 of respondent's legal fees. On appeal appellant claims that there was insufficient evidence of substantial and continuing change in the children's financial needs to justify the modification award under § 452.370, RSMo Supp.1975. He also charges that the trial court abused its discretion in awarding respondent's attorney fees. We affirm.

The evidence is essentially uncontradicted. The parties were living in Fulton at the time the ligatures of marriage were riven. Shortly thereafter the respondent moved to Kansas City. As a result of the move and with the children growing older, including one commencing school, the expenses of keeping the two increased by $226 a month according to respondent's evidence. Many of these expenses had not occurred while respondent and her children were living in Fulton. The monthly increases as related by respondent were: rent, $55; babysitting, $60; transportation, $30; school clothes, $20; school lunches, $11; entertainment, $15; medical expenses, $35. While the respondent's gross income was greater than that earned in Fulton, taxes

made the gains minimal—approximately $5 per month. Appellant testified that his salary, between $37,000 and $38,000 per year, had not changed since the marriage terminated.

 Appellant correctly contends that § 452.370 RSMo Supp.1975 places the burden on respondent to prove a substantial and continuing change in circumstances before a modification increase is justified. *Caray v. Caray*, 569 S.W.2d 18 (Mo.App. 1978); *Johanson v. Johanson*, 569 S.W.2d 337 (Mo.App.1978); *Plattner v. Plattner*, 567 S.W.2d 139 (Mo.App.1978). The trial court found that respondent had met her burden, and, under the standard of review recited in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976), we believe that the record supports its findings. At the time of the marriage dissolution, the children had no health maladies, but physical and health ailments later developed in each. School, transportation, and entertainment expenses not existing while the parties lived in Fulton became substantial items after the move to Kansas City. Rent and babysitting costs increased substantially. Evidence of the increased needs and expenses of the growing children was clear and unequivocal and sufficient to carry the weight of respondent's burden of proof. *Kieffer v. Kieffer*, No. 38,752 (Mo.App.St. L.Dist., July 18, 1978); *In re Marriage of Engelhardt*, 552 S.W.2d 356 (Mo.App.1977).

Appellant claims that evidence of increased expenses must be supported by documentation. This is not so. A party's testimony as to expenses is sufficient evidence on which to base an allowance of child support and need not be proved with absolute particularity. The trial court may, at its option, accept or reject such evidence. *McCann v. McCann*, 448 S.W.2d 323 (Mo. App.1969); *Houston v. Snyder*, 440 S.W.2d 156 (Mo.App.1969). See *In re Marriage of Engelhardt*, supra; *Suesserman v. Suesserman*, 539 S.W.2d 741 (Mo.App.1976). Cf. *Plattner v. Plattner*, supra.

Appellant next argues that as his salary has not increased since the time of the divorce, the modification is improper. The salary of the spouse contributing child support is but one factor to consider in making a decision regarding modification. The relevancy of appellant's salary goes to the question of his capacity to pay the award based on the showing of the needs of the party seeking the award. *Plattner v. Plattner*, supra; *McGinley v. McGinley*, 513 S.W.2d 471 (Mo.App.1974). We have already determined that there was no abuse of discretion in the modification. Neither is there any abuse of discretion in finding appellant able to pay the award.

Appellant's final point is that it was improper for the trial court to order him to pay $200 of the respondent's attorney's fees. An award of attorney's fees is within the discretion of the trial court. *Hahn v. Hahn*, 569 S.W.2d 775 (Mo.App. 1978); *Butler v. Butler*, 562 S.W.2d 685 (Mo.App.1977); *Beckman v. Beckman*, 545 S.W.2d 300 (Mo.App.1976). Factors to be considered are the need of the party requesting the award and the disparity of means between the parties. *In re the Marriage of Engelhardt*, supra. Here, respondent had to borrow $200 from her father to pay her attorney's retainer, and although she has gross annual income of slightly over $10,000, appellant's yearly income is between $37,000 and $38,000. Further, attorney's fees may be granted even if no need is shown. *Zubiena v. Zubiena*, 557 S.W.2d 58 (Mo.App.1977); *Beckman v. Beckman*, supra. We find no abuse of discretion in the award.

Judgment affirmed.

KELLY and REINHARD, JJ., concur.