In re the Marriage of Willa F. ROBERTS, Petitioner-Appellee,

v.

John O. ROBERTS, Respondent-Appellant.

No. 41026.

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 26, 1979.

Susman, Stern, Heifetz, Lurie, Sheehan, Popkin & Chervitz, Pat L. Simons, St. Louis, for petitioner-appellee.

Donald S. Singer, Clayton, for respondent-appellant.

CRIST, Judge.

Modification of child support payments.

Father and mother were divorced in 1974 after twenty-one years of marriage. There was a separation agreement between them. Father agreed to pay mother monthly maintenance of $325.00 and child support of $150.00 for a daughter who has since reached majority. Father was to have custody of a son, then sixteen years old. The agreement was silent as to son's support and educational expenses.

Shortly after the divorce, father remarried. He adopted his new wife's two children and they had one more child. In August, 1975, son went to live with mother. Father voluntarily began paying mother $150.00 a month for son's support.

In June, 1976, son finished high school and had his eighteenth birthday. Father stopped sending mother the $150.00 voluntary support payments, believing it was no longer necessary because son had reached eighteen.

Mother filed a motion to modify the dissolution decree in June, 1976. She asked that son be transferred to her custody and that she be awarded $300.00 monthly child support.

Son enrolled in the University of Missouri—Rolla in the fall semester of 1976. From July, 1976, to June, 1977, father spent over $2,250.00 for son's college expenses.

On March 25, 1977, son's custody was transferred to mother and father was ordered to pay $300.00 monthly child support for one year and $200.00 monthly child support thereafter. By Nunc Pro Tunc Order on April 22, 1977, the court ordered that the monthly support payments were to be in addition to son's college expenses beginning September 1, 1976 and ending June 1, 1977.

In November, 1977, son, after a disappointing freshman year, asked father to send him back to school. Father refused. On November 14, 1977, father started this proceeding by filing a declaratory judgment action inquiring if he was required to pay son's education expenses after June 1, 1977. Mother countered by filing her motion to modify the prior modification order by increasing the amount of child support. The issues were consolidated.

Son returned to school in January, 1978. Father refused to pay son's college expenses. On September 21, 1978, the court below increased father's child support payments by $100.00 per month and ordered that father was not required to pay the educational expenses incurred after June 1,

1977. Mother was awarded $600.00 for attorney's fees. In effect, this order required father to pay an additional $100.00 per month in child support for a nine-month period—until son became 21. Father appeals. We affirm.

Father complains: (1) there was insufficient evidence of changed circumstances of a substantial and continuing nature; (2) that, under the particular facts of this case, he should not be legally obligated for such educational expenses; (3) that the order increasing child support was in irreconcilable conflict with itself; and (4) the evidence did not warrant the award of attorney's fees.

■ A minor child is legally entitled to reasonable support, both mental and physical, from each parent. The paramount concern of a court in all child support cases is the need of the child. The questions of the amount of this required support and the ability of each parent to provide such support rests primarily with the trial court. We defer to the court below.

■ There was an important change in circumstances here supporting the award of increased child support. Father was paying son's college expenses in March, 1977, but was not doing so in September, 1978. *In re Marriage of Engelhardt*, 552 S.W.2d 356, 358 (Mo.App.1977).

■ College expenses were properly considered in this case as bearing on the amount of child support. The evidence warranted the award of child support based on son's need, including his college expenses. The shortcomings of *Sunderwirth v. Williams*, 553 S.W.2d 889, 893–94 (Mo. App.1977), do not occur here.

■ The contention that the order of the court below was in conflict with itself since it ordered increased child support but held father, not obligated for son's college expenses is without merit. It is apparent that father was not obligated by the order to make direct payments for son's education. He was only obligated to pay approximately $900.00 additional child support.

■ We find no error in the $600.00 allowance of attorney's fees. Mother incurred attorney's fees in the amount of $1,476.00. The trial court has much discretion in awarding attorney's fees. *In re Marriage of Engelhardt, supra.*

The judgment is supported by substantial evidence and is not against the weight of the evidence. No error of law appears. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). An extended opinion would have no precedential value.

The judgment of the court below is affirmed in accordance with Rule 84.16(b).

DOWD, P. J., and REINHARD, J., concur.