James L. FLYNN, Appellant,

v.

Carolyn Lee FLYNN, Respondent.

No. 41913.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 26, 1980.

---

Jack Gallego, Robert E. Edwards, Troy, for appellant.

David W. Suddarth, Elsberry, for respondent.

CRIST, Judge.

On July 12, 1976, James L. and Carolyn Lee Flynn were granted a divorce. Carolyn was awarded custody of their three minor children, Julie Ann, 14 years old, Janice, 12 years old and Mike, 9 years old. On December 12, 1977, Carolyn filed a motion to increase child support. James countered with a motion for transfer of custody of two of their three minor children—Janice and Mike. The trial court increased the child support payments from $15.00 per week per child to $20.00 per week per child, but denied James motion for transfer of custody of Janice and Mike. We affirm.

James (hereinafter referred to as "father") claims that the trial court erred in increasing the support payments because "there was no substantial change in the parties financial positions."

A minor child is legally entitled to reasonable support, both mental and physical, from each parent. The paramount concern of a court in all child support cases is the need of the child. The amount of support required and the ability of each parent to provide such support are questions which rest primarily with the trial court. We defer to the judgment of the court below. *Roberts v. Roberts*, 592 S.W.2d 860, 862 (Mo.App.1979).

The children were older. The cost of their clothing had increased as did expenses for school and recreation. Father had a fairly substantial increase in salary ($1,168.00 per month at the time of the divorce and $2,366.40 per month on 11/7/78). These facts support an increased award. *In re Marriage of Engelhardt*, 552 S.W.2d 356, 358 (Mo.App.1977).

Father also claims that it is in the children's best interest to grant him custody of Janice and Mike. The welfare of the child is the paramount consideration in child custody cases. *Smead v. Allen*, 581 S.W.2d 93, 95 (Mo.App.1979).

Carolyn (mother) was prima facie capable of having custody because she was originally awarded custody. *Korn v. Korn*, 584 S.W.2d 179, 181 (Mo.App.1979). The trial court's judgment will not be set aside unless it is against the weight of the evidence or wrongly declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

The record discloses little evidence of a substantial change in circumstances relating to the custody of the children. Each party testified to misconduct on the part of the other. However, credibility is for the trial court to determine. *Korn v. Korn, supra*, at 181 & 182.

The judgment relating to custody of the children is not against the weight of the evidence and no error of law appears.

Judgment affirmed.

DOWD, P. J., and REINHARD, J., concur.