In re the Marriage of Bonnie Sue
MOSER, Respondent-Appellant
Cross-Respondent,

v.

Eugene E. MOSER, Petitioner-Respon-
dent Cross-Appellant.

In re the Marriage of Bonnie Sue
MOSER, Petitioner-Appellant,

v.

Eugene E. MOSER,
Respondent-Respondent.

Nos. 44735, 44746 and 45337.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 9, 1982.

Keith W. Hazelwood, Hazelwood, Barklage & Barklage, St. Charles, for respondent-appellant cross-respondent.

Eugene E. Moser, pro se.

CRANDALL, Presiding Judge.

On January 5, 1980, the marriage of appellant, Bonnie Moser, and respondent, Eugene Moser, was dissolved by the Circuit Court of St. Charles County. Custody of the three minor children was awarded to appellant. Several months after the decree was entered, respondent became delinquent in his payment of child support. In an effort to enforce the decretal order for child support, appellant filed an execution and several garnishments against respondent.

Appellant then filed a motion for attorney's fees and costs incidental to the execution and garnishments, and a motion to modify the dissolution decree to obtain "blanket" medical insurance for the three minor children in appellant's custody. The trial court denied attorney's fees and costs for the execution and garnishments because it was of the opinion that § 452.355, RSMo (1978), did not authorize such an award. In addition, the trial court denied appellant's motion for "blanket" medical insurance and instead ordered respondent to provide adequate medical insurance for the minor children through respondent's employer for so long as it was available. Appellant then filed a motion for attorney's fees pendente

lite on appeal, which the court also denied. These consolidated appeals ensue. We affirm in part and reverse and remand in part.

■ Appellant first contends that the trial court has the authority under § 452.355, RSMo (1978), to grant attorney's fees and costs for garnishments and executions in order to enforce maintenance and child support obligations ordered in a dissolution decree. We agree. Section 452.365, RSMo (1978), authorizes a court to grant an order enforcing the provisions of a decree where one party has failed to comply therewith. An execution or garnishment against a party who has not complied with a dissolution decree is an order to enforce the maintenance and child support provisions of the decree. *Burton v. Burton,* 472 S.W.2d 620, 622–623 (Mo.App.1971). A trial court is authorized under § 452.355, RSMo (1978), to grant attorney's fees and costs to a party maintaining or defending any proceeding under §§ 452.300 to 452.415, RSMo (1978). Since garnishments and executions are enforcement orders within the purview of § 452.365, RSMo (1978), the trial court has the discretion to grant attorney's fees and costs for such an action. § 452.355, RSMo (1978).

■ Under the standard set forth in *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976), this court is to give deference to a trial court's determination "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." We find that the trial court made an erroneous declaration of the law and therefore reverse and remand for the trial court to reconsider the allowance of attorney's fees and costs in accordance with this opinion.

Appellant next contends that the trial court erred in failing to order respondent to provide "blanket" medical insurance for the three minor children. Appellant asserts that this order is deficient in that such insurance may not be available from respondent's employer or, if respondent loses his job, no contingency for alternative coverage is provided in the order.

Although Missouri recognizes that minor children are entitled to support from each parent, the nature of that support is largely discretionary with the trial court in a dissolution proceeding. *Roberts v. Roberts,* 592 S.W.2d 860, 862 (Mo.App.1979); *Matheus v. Matheus,* 612 S.W.2d 907, 908 (Mo.App.1981). In determining the amount of child support necessary, "the trial court should consider the reasonable needs of the children for food, clothing, the expense of education, and medical attention." *Naeger v. Naeger,* 542 S.W.2d 344, 346 (Mo.App. 1976). Thus, "a trial court's authority to order child support includes the authority to order the supporting spouse to pay for medical attention that the child needs." *Niederkorn v. Niederkorn,* 616 S.W.2d 529, 539 (Mo.App.1981). However, this authority does not mandate that a trial court require that the support order include medical insurance for the minor children, and certainly not the comprehensive medical insurance that the appellant now demands. The trial court acted within its discretion in ordering respondent to obtain medical insurance that was available to him through his employer, and not ordering respondent to provide alternative coverage if he could not procure it through his employer.[1]

Finally, appellant contends that the trial court abused its discretion in denying her attorney's fees, suit money, and costs pendente lite on appeal. The trial court has the discretion to award attorney's fees pendente lite in a motion to modify a dissolution decree. *LoPiccolo v. LoPiccolo,* 547 S.W.2d 501, 506 (Mo.App.1977). The trial court heard evidence on the cost of litigating both the motion to modify and the appeal, and the financial condition of both parties. In reviewing the record, we cannot conclude that the trial court abused its discretion in denying costs and attorney's fees pendente lite. *See Murphy v. Carron,* 536 S.W.2d at 32.

The judgment is reversed and remanded in part and affirmed in part.[2]

REINHARD and CRIST, JJ., concur.

---

1. Although the trial court may direct one or both of the parents to maintain medical insurance for the minor children, the award in such an order "must be definite and capable of ascertainment without external proof." *Niederkorn v. Niederkorn,* 616 S.W.2d at 539. We question whether the trial court's order to respondent to provide "adequate medical and dental insurance for the minor children of the marriage through respondent's employer ..." meets the requisite definitiveness. Since respondent does not challenge this order on appeal, we decline to address the point. Furthermore, if respondent should not be able to procure insurance through his employer or should respondent lose his job and not be able to obtain such insurance, appellant could in the future raise this issue in a motion to modify the dissolution decree.

2. Respondent's appeal from the motion to modify the dissolution decree, No. 44746, is dismissed because of his failure to submit a brief. Rule 84.05(a); Rule 84.08.