**Bertha M. BAUMANN, Respondent,**

v.

**Edwin C. BAUMANN, Appellant.**

**No. 49155.**

Missouri Court of Appeals,
Eastern District,
Division Three.

June 25, 1985.

 

Richard B. Dempsey, Union, for appellant.

Alice C. Kramer, Hillsboro, for respondent.

CLEMENS, Senior Judge.

Defendant-father Edwin C. Baumann appeals the ruling granting plaintiff Bertha M. Baumann's motion to increase child support. In the 1982 decree father had been ordered to pay the mother $50 a month for support of the parties' four children, aged 12, 14, 17 and 18 years. By its ruling now challenged the motion court ordered child support increased to $150 a month.

By her motion the mother pleaded and the evidence showed: Upon dissolution the father had lost his job and had no income; soon he was re-employed and at motion time was earning $1,412 a month and had personal expenses of $700 a month. (By hearing time he had remarried an unemployed divorcee who had two children; this increased his monthly living expenses to $1,333.)

The mother's evidence further showed at motion time that by working overtime she was earning $1,100 monthly in take-home pay and her monthly expenses for necessities were $1,595.

The father now contends the evidence did not show the children's expenses had increased nor that his own income and expenses supported the increase. The mother responds here that the original decree was tailored to the father's then being unemployed, that he is now earning much more than his living expenses and that the cost of rearing the children has increased.

Father concedes here that on our review under *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976), we must give due regard to the trial court's opportunity to have judged the credibility of the witnesses.

Father relies primarily on *Foster v. Foster*, 673 S.W.2d 108, (Mo.App.1984). That case requires a showing of unexpected increases in the children's needs. We there also ruled there is no fixed rule as to the necessary waiting time and there must be "some extraordinary change in circumstances" to warrant relief. Here that change was the father regaining employment.

Two recent cases in our court support the motion court's ruling increasing child support.

In *Donnelly v. Donnelly*, 648 S.W.2d 898[4] (Mo.App.1983) on parallel facts we ruled: "An increase in the costs of the children's expenses, an increase in their age and an increase in the father's earnings do constitute changed circumstances necessitating an increase in child support." See also *Flynn v. Flynn*, 604 S.W.2d 785[2] (Mo.App.1980).

Affirmed.

CRIST, P.J., and CRANDALL, J., concur.