Patsy D. NIEHAUS, Respondent,

v.

Paul H. NIEHAUS, Jr., Appellant.

No. 40143.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 8, 1980.

Gregory D. O'Shea, St. Louis, for appellant.

Wm. J. Dye, Wunderlich & Dye, St. Louis, for respondent.

DOWD, Presiding Judge.

Paul Niehaus appeals from an award of maintenance and attorney's fees entered in connection with a dissolution of marriage.

Paul and Patsy Niehaus were married in August, 1952 and were divorced in September, 1976. The Circuit Court entered a final determination of marital property, custody, maintenance, and attorney's fees in November, 1977. In that order Mr. Niehaus was awarded custody of the two minor children with reasonable rights of visitation and temporary custody given Mrs. Niehaus. Mr. Niehaus was also awarded the family residence and all furnishings therein subject to deed of trust payments and a $15,000 lien in favor of Mrs. Niehaus payable in $100.00 per month installments. In the dissolution decree Mr. Niehaus was also awarded title to two motorcycles and three motor vehicles, his checking and draft account funds and interest in his profit sharing plan.

Mrs. Niehaus was awarded title to one automobile, a savings account, the proceeds from a time certificate, and one savings bond. Mrs. Niehaus was also awarded $400.00 per month indefinite periodic maintenance and $750.00 attorney's fees payable at a rate of $250.00 per month.

It is from the award of indefinite periodic maintenance and attorney's fees that Mr. Niehaus appeals. He contends that the maintenance award was improper in that it violated § 452.335, RSMo 1977 which states in pertinent part that the court may "grant a maintenance order . . only if it finds that the spouse seeking maintenance (1) [l]acks sufficient property, including marital property apportioned to him, to provide for his reasonable needs; and (2) [i]s unable to support himself through appropriate employment ´ . ." § 452.335, RSMo 1977. The above section is modeled after § 308 of the Uniform Marriage and Divorce Act which emphasizes self-sufficiency of both parties, however, the Missouri statute differs from § 308 of the Act in that our statute permits consideration by the court of the spouse's activities during the marriage. *Brueggemann v. Brueggemann*, 551 S.W.2d 853, 857 (Mo. App. banc 1977).

The court in *Brueggemann* emphasized the necessity of considering such factors as whether the wife has pursued a career outside the home or whether she has been out of the job market for an extended period of time. *Brueggemann, supra* at 857. Section 452.335–2(3), (4) and (7) RSMo require that the standard of living established during the marriage, the duration of the marriage, and the conduct of the parties during the marriage also be considered as factors in determining the amount and duration of maintenance.

In our case, the evidence indicates that Mrs. Niehaus was employed from 1952 to 1956 weighing milk. The income from this job was applied toward the purchase of the family residence. From 1956 to 1967 Mrs. Niehaus worked as wife, homemaker and mother to her three children. She resumed working outside the home in 1967 as a Kelly girl and in 1968 obtained steady employment as a switchboard operator. In 1975 Mrs. Niehaus was laid off the job due to union difficulties. She then received unemployment benefits until 1976. In August, 1976 Mrs. Niehaus was admitted to Baptist Hospital for psychiatric treatment. She exhibited hypomaniac behavior and was diagnosed as suffering from a manic-depressive illness. It has also been determined that Mrs. Niehaus is an epileptic and has taken medication to prevent seizures since 1966.

Subsequent to the divorce, Mrs. Niehaus sought employment as a secretary, and other administrative positions. She was unable to find employment and it appears she presently has no personal income aside from the $100.00 per month she receives in satisfaction of her lien upon the family residence. None of the other marital property awarded her produces any significant income. Considering Mrs. Niehaus' substantial contributions to the family both monetarily and as a homemaker over a period of 24 years, her efforts to seek employment and her chances of securing employment in the future due to her physical condition, lack of education, and lack of marketable skills, $400.00 per month maintenance for an indefinite period is reasonable particularly in light of the Niehaus' standard of living and Mrs. Niehaus' reasonable needs. She should not be forced to exhaust marital property awarded her merely to survive.

Mr. Niehaus' gross income is $2000.00 per month, with a $400.00 per month expense account and a $120.00 per month auto allowance, all derived solely from his employment. Mr. Niehaus has not asserted that $400.00 per month maintenance requires him to sacrifice expenditures for his personal needs in order to meet the maintenance obligation. Should Mr. or Mrs. Niehaus' circumstances change such that the maintenance award becomes unnecessary or places an undue hardship upon Mr. Niehaus the decree may be modified pursuant to § 452.-370, RSMo 1977.

We find the maintenance award proper.

*Bruggemann* also authorizes an award of attorney's fees pursuant to § 452.-355 RSMo 1977 of a "reasonable amount" based upon the financial resources of both parties. *Bruggemann, supra* at 859. An award of attorney's fees has been upheld even though need was not established. *Blair v. Blair*, 571 S.W.2d 480, 482 (Mo.App. 1978). As of September 20, 1976 Mrs. Niehaus had exhausted all but $600.00 which remained from the $5,900.00 time certificate awarded her at the time of the divorce. She used this money to pay living and medical expenses. Because of her lack of income and substantial medical problems, the trial court did not abuse its discretion by awarding Mrs. Niehaus attorney's fees.

The judgment is affirmed.

CRIST and REINHART, JJ., concur.