**Viola REED, Plaintiff-Respondent,**

v.

**Lester REED, Defendant-Appellant.**

**No. 35614.**

Missouri Court of Appeals,
St. Louis District,
Division Three.

Nov. 26, 1974.

Timothy F. Ruddy, Cape Girardeau, for defendant-appellant.

R. P. Smith, Cape Girardeau, for plaintiff-respondent.

GUNN, Judge.

Defendant-appellant appeals from a partition suit judgment ordering distribution to plaintiff-respondent of all the proceeds from the sale of certain real estate and declaring that defendant was without title or interest in the real estate. We find that defendant has an interest in the real estate and reverse the judgment in part.

This action was commenced on August 24, 1972 and arises out of plaintiff's suit for divorce against defendant. Plaintiff's petition was in two counts. The first count was for divorce and sought alimony in gross and attorney's fees. Plaintiff alleged that on February 10, 1956, plaintiff and defendant were lawfully married. Alleged grounds for divorce were: that defendant's California divorce from another woman in a prior marriage was interlocutory at the time of plaintiff's marriage to defendant and did not become final until six months after their marriage; that defendant was an adulterer, a vagrant, an habitual drunkard and had offered numerous specified indignities so as to render plaintiff's condition as defendant's wife intolerable. Each of the foregoing grounds

is cause for divorce under § 452.010, RSMo 1969, V.A.M.S., which was in effect and applicable at the time the divorce proceedings were filed. On count I, the trial court found plaintiff to be the injured and innocent party and ordered and decreed that the bonds of matrimony between plaintiff and defendant be dissolved but further found that there was not sufficient evidence to support plaintiff's claim for alimony or attorney's fees. Therefore, plaintiff's claim for alimony and attorney's fees was denied. No appeal was taken from the divorce decree and judgment under count I, and the decree of divorce from matrimonial bonds stands.

Count II of plaintiff's petition, on which this appeal lies, was for the partition and sale of certain real estate held by plaintiff and defendant as tenants by the entireties.[1] The averments of plaintiff's count II were: that plaintiff and defendant were seized as tenants by the entireties of approximately 17 acres of land in Cape Girardeau County; that in the event a decree of divorce would be entered, plaintiff and defendant would be seized of the property as tenants in common; that plaintiff had contributed all the funds for the purchase of the real estate. Plaintiff therefore prayed for partition of the land and for a finding that plaintiff was entitled to all of the land or, in the alternative, that if a sale of the land were ordered, that the proceeds of sale be divided according to the respective interests of the parties. Defendant in his answer admitted that the property was held by the entireties but denied that plaintiff had contributed the full purchase price. Defendant also counterclaimed for a one-half share of the land. At trial, plaintiff gave testimony concerning count I—the divorce action. There was absolutely no reference to or evidence presented by her concerning count II—the partition suit—except to acknowledge that she and defendant owned the 17 acres "jointly." There was nothing presented as

---

1. The General Warranty Deed conveying the real estate was to "Lester Reed and Viola Reed, husband and wife."

to the cost of the land or plaintiff's contribution toward its purchase. Defendant's answers to interrogatories propounded by plaintiff were placed in evidence and made reference that defendant had contributed $2,300 to the purchase of the land, but, again, there was no reference to any acquisition cost.

With regard to count II, after ordering partition sale, the trial court, by supplemental order, judgment and decree dated August 3, 1973, found that defendant had no title or interest in the real estate and ruled against his counterclaim. The court further ordered that upon the sale of the real estate, the proceeds were to be distributed to plaintiff. On appeal, defendant argues that the real estate was held by plaintiff and defendant as tenants in common, and that he is entitled to one-half the proceeds from the partition sale.

Defendant's position with regard to the distribution of property is correct. "[U]pon the entry of the decree of divorce they each became the owner of an undivided one-half interest therein as tenants in common and either was entitled to partition the same." Allan v. Allan, 364 S.W. 2d 578, 582 (Mo.1963). Albeit there may be agreement between parties holding property by the entirety for distribution of the property upon divorce other than as tenants in common, each vested with an undivided one-half interest, there must be proof of such other right or interest. McIntyre v. McIntyre, 377 S.W.2d 421, 426 (Mo. 1964). In this case there was no evidence or suggestion by plaintiff that the property in question was to be held other than—according to plaintiff—"jointly." It was plaintiff's manifest intention to create an estate with incidence of survivorship even though the marriage status may have been nubilous. See: Horton v. Estate of Elmore, 420 S.W.2d 48 (Mo.App.1967).

Although plaintiff in her petition alleged that she had contributed all the money toward the purchase of the property, the allegation was denied by defendant in his answer, and the record is barren of any evidence regarding plaintiff's contribution toward the purchase price. In any event, evidence concerning contribution is not germane. It is apparent that at the time the property was purchased the parties believed they were validly married to each other, and plaintiff fully intended that she and defendant would own the property jointly irrespective of who paid for it. There is no evidence to support a theory that the property was held in trust for plaintiff—as where a husband uses his wife's funds and takes title in his name or joint names without consent. Here, the only conclusion to be reached is that the property was initially vested by the entireties to be converted to a tenancy in common by the divorce decree with an undivided one-half interest each in plaintiff and defendant. Durr v. Vick, 345 S.W.2d 165 (Mo.1961); Cisel v. Cisel, 352 Mo. 1097, 180 S.W.2d 748 (1944). Therefore, we do not disturb the judgment of the trial court ordering a partition sale of the real estate, but we do remand with instructions to distribute the proceeds of the sale on the basis of the respective interests of the parties in accordance with this opinion.

In her brief, plaintiff adjures that in the event of remand on appeal, the proceedings would be governed by the procedures of the Divorce Reform Act.[2] Plaintiff directs attention to § 452.330, RSMo Supp.1973, V.A.M.S., which would allow the trial court to do what it did—divide the marital property in such proportions as are just—which in this case, according to the trial court, justified giving all the property to plaintiff. We acknowledge that under § 452.330 and after giving consideration to all relevant factors, including those enumerated in § 452.330, the award of all property to one party could be made. However, the divorce decree which denied plaintiff alimony and attorney's fees

2. §§ 452.240–452.415, RSMo Supp.1973, V.A.M.S., effective January 1, 1974.

was not appealed. The only appeal was from the action concerning the partition and sale of the real estate—a separate action from the suit for divorce. Therefore, neither the Divorce Reform Act nor the divorce law in effect at the time the divorce action was filed has application to the partition suit.

The judgment of the trial court ordering distribution to plaintiff of all proceeds of the partition sale of the real estate described in the judgment is therefore reversed and the cause remanded with instructions to conduct the partition sale as directed by the trial court with distribution of the proceeds to plaintiff and defendant according to their respective interests consistent with this opinion.

SIMEONE, P. J., and McMILLIAN, J., concur.