Sandra Ann MATHEUS,
Petitioner-Appellant,

v.

Michael Paul MATHEUS, Respondent.

Nos. 42495, 42580.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 24, 1981.

Ray B. Marglous, Clayton, for petitioner-appellant.

Mary Ann Weems, Clayton, for respondent.

SNYDER, Judge.

This is an appeal by the wife from a judgment dissolving the marriage of Sandra Ann Matheus and Michael Paul Matheus. Sandra Ann Matheus was the petitioner and Michael Paul Matheus the respondent. The trial court decreed the dissolution, and entered judgment dividing the marital property and awarding the wife custody of the parties' three minor children, child support and maintenance. The trial court awarded no attorney fees. The wife appeals from those portions of the judgment which awarded child support, denied attorney fees and divided the marital property. The judgment is affirmed.

The wife also appealed from a second trial court judgment which ordered the continuation of child support and maintenance payments pending the appeal. The two appeals were consolidated upon the wife's motion. The judgment continuing the child support and maintenance pending appeal is also affirmed.

■ The wife contends that the award of child support of $375.00 per month is inadequate to maintain the three minor children's standard of living. An order for child support is to be made in conformity with § 452.340, RSMo 1978 which prescribes the factors to be considered in determining an amount reasonable or necessary for the support of a child. The trial court has considerable discretion in setting awards of child support. *Larison v. Larison*, 524 S.W.2d 159, 161[4–10] (Mo.App.1975).

■ An examination of the record establishes that the trial court properly took into account the respondent's income and expenses and the needs of the minor children for support and education. There was substantial evidence to support the award of the child support.

■ The wife argues that the trial court erred in its division of marital property, particularly the family residence. The family residence was awarded to the wife and she was made solely responsible for payments on the note and deed of trust which encumbered the property. The parties' equity in the real property was approximately $20,000.00. The husband was awarded a lien of $10,000.00 against the family residence with compound interest at the rate of 6% (six percent) per annum. The wife has the right to live in the residence until it is sold or until the parties' youngest living child attains the age of 18 years. All of the payments on the residence during the marriage had been made by the husband. The wife had not been employed outside the home during the six years of the marriage before the parties separated. There was substantial evidence to support the award.

■ The trial court has considerable discretion in the award of attorney fees, and may base its award or denial on relevant factors other than the financial resources of both parties. *Kieffer v. Kieffer*, 590 S.W.2d 915, 918[6] (Mo. banc 1979). The trial court in the case under review did not abuse its discretion in refusing to award attorney fees to the wife.

The judgment was supported by substantial evidence and was not against the weight of the evidence. There was no error of law. *Murphy v. Carron*, 536 S.W.2d 30, 32[1–3] (Mo. banc 1976). Rule 73.01.

An extended opinion would have no precedential value.

The judgments are affirmed in compliance with Rule 84.16(b).

CRIST, P. J., and REINHARD, J., concur.