Maggie I. BOONE, Appellant,

v.

George H. BOONE, Respondent.

No. 43860.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 15, 1982.

Lester H. Goldman, St. Ann, for appellant.

Harold G. Johnson, St. Ann, for respondent.

CLEMENS, Senior Judge.

After 36 years of marriage Maggie Boone and George Boone each sued for dissolution. The trial court dissolved the marriage; it divided their property, awarded the wife maintenance and denied her attorney fees. Both parties appeal on property and monetary issues.

The parties' joint residence valued at $36,000 was ordered sold, the amount to be divided equally. In round numbers the rest of the property was ordered divided:

| To the wife: | | To the husband: | |
|---|---|---|---|
| Certificate of deposit | $20,500 | Retirement Fund | $ --- |
| 1974 automobile | 3,400 | Ford Motor stock | 1,800 |
| Series E Bonds | 3,400 | Savings accounts | 28,300 |
| Bank accounts | 4,100 | Clothing & tools | --- |
| Household goods | --- | Household goods | --- |
| | $31,400 | | $30,100 |

During marriage the wife was marginally employed; she is now working as a clerk-typist at $460 a month. Husband has a net wage income of $1,730 per month. Adjusting these amounts to consider the wife's $250 monthly support allowance, her total is $710 a month and his is $1,480.

The wife still lived in the family home and said her monthly living expenses were $800, some $90 more than her support allowance. The husband lived alone elsewhere, saying his monthly living expenses were $1,080, that being $400 less than his wages. Neither her nor his living expenses considered their further income from the investments listed above.

Ingrained principles limit our flexibility in dissolution cases. See *Stamme v. Stamme*, 589 S.W.2d 50[3] (Mo.App.1979), holding § 452.330 RSMo. 1978 grants the trial court far-reaching power in dividing marital property; it is not required to make an equal division, but only a just division; and that division will not be disturbed absent an abuse of discretion.

◼ By the wife's first point she claims the court erred in not treating some $17,800 jointly invested in certificates of deposit as her separate property. She had inherited this amount but it was used to buy the joint certificates. Subject to exceptions irrelevant here property acquired by either spouse after marriage and placed in their joint names is marital property. *Conrad v. Bowers*, 533 S.W.2d 614[20] (Mo.App.1975). True, even where a wife contributed all funds used to purchase the joint property. *Reed v. Reed*, 516 S.W.2d 568, l.c. 569–570 (Mo.App.1974).

We deny wife's initial point.

◼ The wife's second point charges error in granting maintenance $90 short of her needs. She admits a trial court's maintenance award can be reversed only for abuse of its broad discretion—a judicial act working an injustice and clearly against reason. *Beckman v. Beckman*, 545 S.W.2d 300[1] (Mo.App.1976). Considering the wife's substantial share in the couple's monetary assets awarded her we find no judicial abuse in awarding her $90 less than she asked for.

In contrast, the husband argues the $250 maintenance award was too much. The principles of judicial discretion just listed refute the husband's criticism of that award.

◼ By part of the husband's argument he contends his health is declining and that when he soon retires his income will be reduced and expenses increased. The wife's testimony similarly showed failing health and probable forced retirement. These factors are too speculative to find trial court error. If and when they develop motions to modify can treat them factually. We deny each party's contention about the maintenance award.

◼ This brings us to the wife's next to last point that the court erred in denying her attorney's fee beyond the initial $500 payment by the husband. The court's broad discretion in dissolution cases applies to attorney fees. *Matheus v. Matheus*, 612 S.W.2d 907[4, 5] (Mo.App.1981). We find no abuse of that discretion.

◼ By her last point wife contends the court erred in not granting her request for findings of fact and conclusions of law as specified in Rule 73.01(a)(2) V.A.M.R. That rule says that when requested a trial court shall include its findings on fact issues specified by counsel.

At close of the hearing wife's counsel made only a general request for findings. This was inadequate. *Snider v. Snider*, 570 S.W.2d 770[2] (Mo.App.1978).

◼ However, the court then requested each counsel to submit a proposed decree. Wife's counsel did so listing detailed findings of fact and conclusions of law. In its

decree the trial court specifically ruled on disposition of a host of tangible and intangible items of property. Here, the wife's briefs address each of those items. She points to no prejudice by the trial court's alleged failure. In considering the wife's point we see the same point was ruled in *Hahn v. Hahn*, 569 S.W.2d 775[5] (Mo.App. 1978): "We recognize that the trial court should have made such findings of fact and conclusions of law and admonish lower courts to do so. We do not, however, find this deficiency to be sufficient cause for reversal. Supreme Court Rule 84.13(b) states that, '[n]o appellate court shall reverse any judgment, unless it finds that error was committed by the trial court against the appellant, materially affecting the merits of the action'." We find no such error here.

Affirmed.

REINHARD, P. J., and SNYDER and CRIST, JJ., concur.