**William BOLEN, Jr., Respondent,**

v.

**Joann M. BOLEN, Appellant.**

**No. 48951.**

Missouri Court of Appeals, Eastern District, Division Three.

Feb. 19, 1985.

Steven P. Kuenzel, Eckelkamp, Eckelkamp, Wood & Kuenzel, Washington, for appellant.

Michael B. Stern, Stern, Pressman & Soule, Clayton, for respondent.

CLEMENS, Senior Judge.

Just 26 months after the trial court had granted dissolution and child support the defendant-wife moved to increase the support. She has appealed the motion's denial.

The parties had two children, boys now 10 and 14. Upon uncontested dissolution the parties had agreed the mother was to have primary custody and the father was to have visitation and pay $70 weekly for the boys' support. The trial court so decreed and the father has complied.

By her motion to modify the mother pleaded the father's earnings had increased and the cost of child care and education had increased. She moved to increase the weekly child support from $70 to $200 and for her attorney fee and costs.

In response the father testified his increased earnings are less than his increased cost of living; that the mother has

repeatedly threatened to turn the boys over to him.

At the end of testimony the trial court made findings of fact. Those now material: The father's regular net earnings are $1,865 a month; his living expenses have increased substantially and he has no increase in disposable income nor any substantial change therein warranting modification. The court announced its conclusions of law that the mother had not as required by Section 452.370 1, RSMo. met her burden to show "changed circumstances so substantial and continuing as to make the terms of the original decree unreasonable."

Settled principles govern our review. In *Seelig v. Seelig*, 540 S.W.2d 142 [6, 11] (Mo.App.1976) we held the above quoted statute is intended to discourage repeated motions to modify and under it the moving party has the burden of proof.

In the parallel case of *In re Marriage of Johanson*, 569 S.W.2d 337 [5] (Mo.App. 1978) we followed SEELIG, supra, and ruled:

> "Since the items testified to are expected and predictable increases, neither we nor the trial court can presume they were not anticipated and considered by the court at the time of the original award."

In our review we give due regard to the trial court's opportunity to weigh the credibility of the witnesses. See *In re Marriage of Engelhardt*, 552 S.W.2d 356[1] (Mo.App.1977). So considered, we uphold its decree denying wife's motion to modify.

Wife has also appealed from the trial court's order that each party pay its own attorney fees, finding no contrary extenuating circumstances. As held in *Matheus v. Matheus*, 612 S.W.2d 907[4, 5] (Mo.App.1981), this was in accord with factors other than the parties' comparative financial resources.

Affirmed.

DOWD, P.J., concurs.

CRIST, J., concurs in result.